The following resolution adopted by the House of Representatives at the present session of the Court on May 6 was received May 7, 1947:
"Whereas there is pending before the House of Representatives, House Bill No. 440, An act to provide state aid for low-rent housing; and
"Whereas said bill provides for expenditure of public funds for the purposes set forth in said bill, including the applicable provisions of chapter 169, Revised Laws, as amended by House Bill No. 439, An Act relating to housing authorities, which was passed by the House of Representatives with amendment on April 21, 1947; and *Page 516 
"Whereas certain amendments to said bill have been proposed by the Committee on Judiciary and are now pending; and
"Whereas questions have arisen as to the constitutionality of said bill with proposed amendments and the validity of proposed expenditures thereunder;
"Resolved by the House of Representatives that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions of law:
"1. May public funds be expended for the purposes set forth in said bill as amended, including the applicable provisions of chapter 169, Revised Laws, as amended by House Bill No. 439?
"2. May the state guarantee the payment of temporary notes as provided in sections 2 and 3 of Part III of said bill?
"3. May the state make contracts for the payment of annual subsidies and pledge its full faith and credit therefor as provided in section 4 of Part III of said bill?
"4. Do any of the provisions of House Bill No. 440 involve an unconstitutional delegation of legislative power to the state housing board or to the governor and council?
"Further Resolved, That the Speaker transmit copies of this resolution and of House Bills 439 and 440 with amendments thereto appearing in the Journals for April 21, 1947 and May 6, 1947, to the Clerk of the Supreme Court for the consideration of the Court."
The following answer was returned:
To the House of Representatives:
The Justices of the Supreme Court furnish the following answers to the inquiries contained in your resolution of May 1947:
The first three questions set forth in your resolution all depend upon the basic question whether the purposes of the bill are for the benefit of private persons or for private uses for which the expenditure of public moneys cannot be made, or whether they are public purposes for the accomplishment of which public moneys may properly be used. If this were a new question, it would involve serious doubts, but in view of the present state of the law in this country, it can no longer be regarded as doubtful. Housing statutes in various forms have been enacted in many of the states and their constitutionality has been sustained with practical unanimity by the courts of those states. See Allydonn Realty Corporation v. Holyoke Housing Authority, *Page 517 304 Mass. 288, and note to Housing Authority v. Higginbothan, 130 A.L.R. 1053, 1069, where the numerous authorities are collected.
There can, of course, be no doubt that private persons will benefit by the establishment of low-rent housing projects and slum clearance projects such as are contemplated by the bills but among the tests of a public purpose laid down in the Allydonn case, supra, 293, are the following: "Whether, insofar as benefits accrue to individuals, the whole of society has an interest in having those individuals benefited," and "whether a special emergency exists such as may be brought about by war or public calamity."
The first section of the bill contains a declaration "that there exists an acute shortage of housing for low-income inhabitants of the State, including many veterans of World War II and their families," that the resulting conditions "are disruptive of family life, injurious to health and safety and detrimental to morale and constitute a dangerous threat to the well being of the entire state," and "that the general welfare and security of the State and the health and living standards of its people require a production of residential construction and related community development sufficient to remedy the serious cumulative housing shortage, to provide homes for returned veterans and their families, and to provide homes for industrial workers." These legislative declarations indicate that the purposes of the bill are public purposes for which public funds may properly be used in accordance with the tests above quoted, and the incidental benefits which may be conferred upon private persons do not render such expenditures unconstitutional. It is the essential character of the direct object of the expenditures which must determine its validity. See Opinion of the Justices, 88 N.H. 484, 489. Further reference to the numerous authorities upon the question seems to be unnecessary, and the first three questions contained in your resolution are answered in the affirmative.
Part 3 of the act provides that the State Housing Board may, in the name of the State, with the approval of the Governor and Council, enter into contracts with local housing authorities for assistance of one or more housing projects. Such assistance may take the form of a state guarantee of loans made to the housing authority to finance the cost of housing projects and of temporary notes and definitive bonds issued to evidence the same. Each contract for assistance to a housing project shall also provide that the state shall pay to the authority "annual subsidies to assist in achieving and maintaining the low rent character of the housing project . . . in the amount of *Page 518 
three and one-half per centum (3 1/2%) of the cost of the housing project as determined by the State Housing Board, and for the fixed period during which the definitive bonds issued to finance the cost of the housing project or any refunding bonds remain outstanding, but in no event for more than forty-five years."
Before entering into such contracts the bill requires that "eligibility for state assistance of any housing project shall be determined by" the State Housing Board, which shall also determine the cost of the project, all subject to the approval of the Governor and Council.
As we have recently advised you in our opinion of March 26, 1947, dealing with the powers of school districts Opinion of the Justices, ante, 510, "such findings presuppose investigations which obviously cannot be made by the Legislature and which may be properly delegated to a subordinate agency," and you are accordingly advised that the provisions of the bill involve no unconstitutional delegation of power to the State Housing Board or to the Governor and Council.
The fourth question contained in your resolution is, therefore, answered in the negative.
 OLIVER W. BRANCH. FRANCIS W. JOHNSTON. FRANK R. KENISON. LAURENCE I. DUNCAN. AMOS N. BLANDIN, JR.
May 14, 1947.
 *Page 1