Feb. 24, 1949. } No. 3825.

### OPINION OF THE JUSTICES.

The following resolution was adopted by the House of Representatives at the present session of the General Court on January 27, 1949:

"Resolved that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions of law:

"1. Do the provisions of House Bill No. 190, An act providing for

a gross income tax, violate in any way the provisions of the fundamental law of the State, with respect to the following:

"(a) The provisions contained in Sections 1, 10 (a) and 18 permitting the use of the fiscal year as the tax period in lieu of the calendar year.

"(b) The provision by which, under definition (i) of gross income in Section 1, the receipts from interest and dividends would be subject to the gross income tax as well as the present interest and dividends tax. Inquiry is made whether, if the receipts now taxed under Chapter 78 of the Revised Laws were exempted from the tax proposed by this bill, the resulting classification would be sustainable under the constitution.

"(c) The provision contained in Section 3 classifying gross income with regard to its type, rather than with regard to its recipient, and applying a uniform rate to each class of income, but at different rates for the different classes.

"(d) The provisions of Section 3 (h) and (i) for measuring gross income in certain special instances.

"(e) The provision of Section 5 for classified deductions.

"(f) The provisions of Section 6 for exceptions or exemptions.

"(g) The provisions of Sections 29, 30, and 31 with respect to the present stock in trade tax and distribution. Inquiry is made whether the stock in trade tax provided for in Chapter 73, Revised Laws may be validly imposed on a taxpayer if the tax levied by House Bill No. 190 is held invalid as a tax on interstate commerce as applied to such taxpayer.

"2. In the opinion of the Court does any other provision of the bill appear to be in conflict with the constitution?

"3. Do any provisions of the bill appear to conflict with the United States Constitution?

"Further Resolved that the Speaker transmit a copy of this Resolution and of House Bill No. 190 to the Clerk of the Supreme Court for consideration by said Court."

The following answer was returned:

*To the House of Representatives:*

The undersigned, the Justices of the Supreme Court make answer as follows to the inquiry contained in your resolution with reference to House Bill No. 190, entitled, "An Act Providing for a Gross Income Tax."

This bill provides for a tax on gross income but does not meet the constitutional requirement of proportionality. N. H. Const., PT. II, *Art.* 5.

The proposed measure is modeled after a similar act adopted in the state of Indiana. The Indiana statute has been regarded as imposing a "privilege tax upon the receipt of gross income." *Adams Mfg. Co.* v. *Storen,* 304 U. S. 307, 311.

In this state privilege taxes other than those assessed upon a proportional and equal valuation of all the different kinds of property on which they are to be levied are not permitted. *Opinion of the Justices,* 84 N. H. 559, 576. "The provision for laying excises, contained in the constitution of Massachusetts, was omitted from that of New Hampshire. *State* v. *Company,* 60 N. H. 219, 249. 'There is no warrant for the imposition of any other tax than one assessed upon a proportional and equal valuation of all the different kinds of property on which it is to be levied.' *Ib.,* 246. *Amoskeag Mfg. Co.* v. *Manchester,* 70 N. H. 336. No authority has been given to prescribe 'an arbitrary imposition of specific taxes upon the objects named.' *Opinion of the Justices,* 76 N. H. 588, 596." *Opinion of the Justices,* 82 N. H. 561, 563.

A gross income tax does not differ from a net income tax with respect to the constitutional requirements. Either form of income constitutes a class of property taxable under the 1903 amendment to our Constitution. They are what is sometimes called property in motion as distinct from static property. Both classes are subject, however, to the constitutional requirement of proportionality or equality of rate within each class.

In *Conner* v. *State,* 82 N. H. 126, 127, which held that an income tax on intangibles was valid, the following language is used: " 'Taxation as understood here when the constitution was amended [1903] meant equal treatment to everyone and meant, when property was the basis or measure of the tax, a uniform rate, and it was also understood that equality and uniformity were essential characteristics of every process which could be included under the term taxation.' *Williams* v. *State,* 81 N. H. 341, 350." The validity of an income tax was considered in *Opinion of the Justices,* 82 N. H. 561, and it was there said on page 570: "The rule is firmly established that all taxes of a given class must be laid at a common rate. This rule applies to annual taxes upon estates (*Opinion of the Justices,* 76 N. H. 609) and to inheritance taxes. *Williams* v. *State,* 81 N. H. 341, 351. The reasoning in the case last cited leads to the conclusion that the

principles there enunciated must be applied in the taxation of incomes. The rate must be uniform." Finally, this point of a uniform rate was again made with respect to income taxes in *Opinion of the Justices*, 84 N. H. 559, 571: "As pointed out in the *Opinion of the Justices*, 82 N. H. 561, 570, *et seq.*, all income taxes must be laid at a common rate."

The varying rates of taxation upon gross income provided for in House Bill No. 190 make it in conflict with the constitutional requirements in this jurisdiction. The bill results in classification of recipients of gross income for taxation at different rates and so is forbidden. *Opinion of the Justices*, 84 N. H. 559, 569.

In view of the conclusion reached, reply to the specific questions relating to the bill will serve no useful purpose, and accordingly we respectfully ask to be excused from answering further.

OLIVER W. BRANCH.
FRANCIS W. JOHNSTON.
FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.

February 24, 1949.

*Elwin L. Page* (by brief and orally), for the Interim Committee on Overall Taxation, for the bill.

*Eliot A. Carter* (orally), for the New Hampshire Manufacturers' Association, for the bill.

*Gordon M. Tiffany* (by brief and orally), opposed.