April 12, 1949. } No. 3836.

### OPINION OF THE JUSTICES.

The following resolution was adopted by the House of Representatives at the present session of the General Court on March 11, 1949:

"RESOLVED, that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following question of law:

"Is House Bill No. 164, An act relating to the general exemption from property taxes of certain privately owned airports, constitutional?

"Further resolved that the Speaker transmit a copy of this resolution and a copy of House Bill No. 164 to the Clerk of the Supreme Court for consideration of the Court."

The following answer was returned:

*To the House of Representatives:*

The undersigned the Justices of the Supreme Court have considered the inquiry contained in your resolution with reference to House Bill No. 164, entitled: "An Act Relating to the General Exemption from Property Taxes of Certain Privately-Owned Airports," and submit this opinion in answer thereto.

Section one of the bill is a legislative declaration of purpose and finding "that use by the public of certain privately owned airports is necessary for the proper operation of the state airways system and that the encouragement of the owners of such airports to make them available for public use is therefore desirable." Section two of the bill provides as follows: "The owner of a privately owned airport having facilities available for public use who holds, as of April first of any year, a license for such airport from the New Hampshire Aeronautics Commission, shall be exempt for each such year from taxation of the landing area used in connection with such airport."

The bill must be considered in the light of existing legislation. The state airways system consists of all air navigation facilities " . . . available for public use . . . whether publicly or privately owned" for which the " . . . expenditure of state funds . . . serves a useful public purpose." R. L., c. 306, s. 12 as amended by Laws 1947, c.

281, s. 3. Such legislation was considered valid in *Opinion of the Justices*, 94 N. H. 513, 515. The public aspects of licensed private airports which "have facilities available for public use and are necessary . . . for the maintenance of an effective airway system in the state" are equally evident in Laws 1949, c. 53. Such an airport "shall be deemed to be a publicly-owned airport for the purposes of airport zoning . . . " Laws 1949, c. 53, s. 2. The history of aviation in the last quarter of a century here and elsewhere indicates that it is considered as being a public use serving a public purpose. R. L., c. 306, ss. 13, 14; *Hesse* v. *Rath*, 249 N. Y. 436, 438; *C. & S Air Lines* v. *Waterman Corp.*, 333 U. S. 103.

If the proposed bill is a general exemption from property taxes as stated in the title, there is no question as to its validity. "There is no doubt that the legislature may provide, by general laws, for the exemption of certain classes of property from taxation, as well as exempt it, in fact, by omitting it in the description of property required to be taxed." *Brewster* v. *Hough*, 10 N. H. 138, 142. This principle of classification of property to be taxed made exactly one hundred years ago has never "been questioned." *Opinion of the Justices*, 76 N. H. 609, 611. "Inequality of taxes laid is forbidden, but inequality caused by taxing some property and not taxing other is permitted." *Opinion of the Justices*, 82 N. H. 561, 574. In the selective process of classifying certain property for taxation and exempting other property the Legislature has a wide discretion which will be sustained "provided just reasons exist for the selection made." *Opinion of the Justices*, 94 N. H. 506, 508.

If the proposed bill in fact is a special exemption, it is unlike the one in *Eyers Woolen Co.* v. *Gilsum*, 84 N. H. 1, which applied to one party in one town resulting only in indirect public benefit. Considering the bill to be one creating a special exemption in a limited sense, it is valid because it advances a public purpose within the admitted scope of the police power. Other exemptions no more public have been sustained. R. L., c. 73, s. 15; *Opinion of the Justices*, 87 N. H. 490; *Opinion of the Justices*, 88 N. H. 500, 510, 511; *Opinion of the Justices*, 94 N. H. 515.

In the present case the benefit to the public is not only considered by the Legislature to be direct but the private airport owner is required in effect to dedicate his property to public use as a condition to receiving the tax exemption whether it is general or special. These factors further distinguish the invalid tax exemption considered in *Eyers Woolen Co.* v. *Gilsum*, 84 N. H. 1, 27.

The proposed exemption is not proscribed by the provisions of Article 5 of the Constitution which were added by the amendment of 1877. The limitation thereby imposed is upon legislative power to authorize gifts by towns to corporations organized for profit. It does not extend to the authority of the Legislature by its own act to provide a uniform exemption of state-wide application such as is proposed by this bill.

The greater extent to which the Legislature allows tax exemptions must necessarily result in a greater burden on those who do pay taxes. While such inequality presents no constitutional question if "it reasonably promotes a matter of the general welfare" (*Rosenblum* v. *Griffin*, 89 N. H. 314, 321), it does involve a delicate problem for the Legislature in its efforts to obtain needed revenues upon a broad tax base that operates fairly on most of the public. That the problem has been considered, if not solved, appears from Laws 1947, *c.* 328 and Laws 1947, *c.* 327.

While we do not pass on the wisdom or advisability of the proposed bill, it may be helpful to note that the bill as drafted is unnecessarily ambiguous. It may not be clear to either the taxpayer or the tax collector whether (1) the exemption is limited to the "landing area" with or without buildings thereon and (2) whether such area is available for public use upon payment of fees or is to be "free" as provided in Maine Laws 1947, *c.* 241. Such confusion is "not helpful either to property owners or taxing officials" (*Palmer* v. *Coulombe*, 95 N. H. 266, 269) and should be resolved.

Your inquiry concerning House Bill 164 is answered in the affirmative.

> OLIVER W. BRANCH.
> FRANCIS W. JOHNSTON.
> FRANK R. KENISON.
> LAURENCE I. DUNCAN.
> AMOS N. BLANDIN, JR.

April 12, 1949.

*Frank W. Peyser* for New Hampshire Aviation Trades Association, Inc., *amicus curiae* (by brief), for the bill.