Request of Governor and Council,
No. 6034.

## OPINION OF THE JUSTICES.

Answer returned January 30, 1970.

*To his Excellency the Governor and the Honorable Council:*

The undersigned Justices of the Supreme Court reply as follows to the inquiries contained in your resolution filed January 9, 1970, pertaining to a proposal to levy taxes upon net profits derived from the operation of business organizations in this state.

The inquiries stem from certain recommendations by the Executive Committee of the Citizens Task Force, an organization of some three hundred citizens, established in 1969 pursuant to act of the Legislature, and charged with recommendation to the Governor of measures to achieve efficiency and effectiveness in government and improve the economy of the State. Laws 1969, ch. 24. The recommendations to which your inquiries relate appear at pages 46-48 of the report of the Citizens Task Force submitted to the Governor under date of January 7, 1970. Since they are appended to your  resolution they need not be repeated.

The act establishing the Task Force provides that legislation proposed by it "shall be submitted in final form" to the speaker of the house and the president of the senate "on or before fifteen days prior to the convening of any special session of the general court called to consider the report and recommendations of the task force . . . . " Laws 1969, 24:8.

Although such legislation apparently has not yet been submitted, your resolution states that you are "in need of judicial advice as to the constitutionality of such [proposed] tax legislation in order properly to perform [your] constitutional duty of determining whether to convene the General Court in special session at this time," as proposed by the Task Force. Const. Pt. II, *Art.* 50th. Your resolution further suggests that unless the proposed tax would be constitutional a special session of the Legislature may not be warranted.

As the Justices have observed upon other occasions, the question of the wisdom and practicality of proposed legislation is not a matter of judicial concern. *Opinion of the Justices*, 101 N. H. 549, 553, 137 A. 2d 726. Ordinarily advisory opinions may not be given upon legislative matters not pending before the Legislature and awaiting its action. However, the constitutional status of the proposal to which your inquiries relate is pertinent to the question pending before you, as to whether or not a special session of the Legislature shall be called; and our answers may be of assistance to you in performance of your constitutional duties. We deem it proper in this instance to answer your present inquiries. *Opinion of the Justices*, 109 N. H. 578, 258 A. 2d 343, 347. See *Opinion of the Justices*, 101 N. H. 549, 553, *supra*; *Opinion of the Justices*, 105 N. H. 125, 127, 193 A. 2d 880; *Opinion of the Justices*, 96 N. H. 517, 183 A. 2d 738.

What is proposed by the Task Force report is a tax at a uniform rate upon the "net profits" of all business organizations, corporate or unincorporated, doing business within the State. The tax, "at a uniform rate ( in the order of 6% )," would be levied on "net taxable income" as determined for federal income tax purposes, with allowance for a "reasonable salary" for each "working owner," in the cases of partnerships, farmers, and sole proprietorships. To obviate double taxation, banks, public utilities, and insurance companies would be permitted to deduct from their business taxes so determined the amounts of special taxes paid to the State under existing law. For the same purpose, income subject to the interest and dividends tax ( RSA ch. 77 ) would be excluded from taxable business income.

No constitutional barrier stands in the way of the levy of a general income tax at a uniform rate. Const. Part II, *Art.* 6th; *Conner* v. *State*, 82 N. H. 126, 130 A. 357. This is so, whether the levy is upon the gross or the net income of a taxpayer ( *Opinion of the Justices*, 95 N. H. 537, 64 A. 2d 320 ); and net income may properly be defined by reference to presently effective federal law. *Opinion of the Justices*, 95 N. H. 540, 542, 64 A. 2d 322.

The Constitution does not require the rate of a tax upon net income to be uniform with that of the existing interest and dividends tax, which is a tax upon certain gross income, now fixed at 4 1/4%. RSA 77:1 ( supp ); *Opinion of the Justices*, 101 N. H. 549, 558, 137 A. 2d 726.

Exclusion from taxable business income of income taxable under the interest and dividends tax would avoid the issue of double taxation thought to be an objection to the bill considered in *Opinion of the Justices*, 106 N. H. 202, 207, 208 A. 2d 458. While the business tax now proposed would have the effect of nullifying the exemptions provided by RSA 77:4 and 5 where it may apply to interest and dividends accruing to business organizations, as distinguished from the personal accounts of individual partners or sole proprietors, no constitutional issue would thereby be presented, since business income may reasonably be classified separately from salaries, wages, and unearned income of individuals. *Opinion of the Jusitices*, 101 N. H. 549, 558, *supra*. Similarly, business income may properly be taxed at a rate differing from that imposed upon income derived from the investments described in RSA 77:4 when held to the accounts of nonbusiness interests. *Id.*

The ,provision suggested for the allowance, before tax, of reasonable salaries to partners and sole proprietors, comparable to a similar allowance made under federal regulation for salaries paid by corporate business, would serve a double purpose. It would avoid discrimination, by placing a partner or sole proprietor on a par with the salaried executive, so that neither would be taxed upon a reasonable salary, or its equivalent. It would also obviate the further objection thought to invalidate the legislation considered in *Opinion of the Justices*, 106 N. H. 202, *supra*, under which the income of self-employed persons would have been taxed while that of wage earners and salaried employees would not. *Id.*, 206. As the recommendations suggest, this feature of the plan may present administrative problems. See 4A Mertens, Law of Federal Income Taxation, *ss.* 25.61, 25.68. However, it is not objectionable on constitutional grounds.

A question might be thought to arise with respect to the proposed tax, vis-a-vis special taxes presently levied upon utilities, banks, and insurance companies. Railroads and telephone companies are presently subject to a state property tax upon their estates at the state level, according to the current average property rate. RSA 82:2, 37. See *Boston & Maine R. R.* v. *Portsmouth*, 80 N. H. 7, 112 A. 394; *Opinion of the Justices*, 101 N. H. 549, 555, 137 A. 2d 726. The Constitution does not require uniformity or proportionality between such a tax and the business tax now proposed. *Opinion of the Justices, Id.*, 557.

The state franchise taxes, imposed on gas and electric companies, measured by their "actual income" at a current rate of 9% ( RSA 83-B:6 ( supp ) ), and upon national and savings banks, equivalent to 1% of interest and dividends paid in excess of $10,000 ( RSA 84:7, 16-c ( supp ) ), are likewise free from the requirement of uniformity with a general or business income tax. *Opinion of the Justices*, 101 N. H. 549, 557, *supra*. See *Manchester Sav. & Loan Assn.* v. *State Tax Comm.*, 105 N. H. 17, 19, 191 A. 2d 529.

Taxes imposed by the state upon insurance companies, while varying in rate and measure ( RSA 402:57 ( supp ) ); RSA 402:59; RSA 402:61 et seq. ), are considered to be in the nature of franchise taxes upon the privilege of doing business in the state ( *New York Life Ins. Co.* v. *Sullivan*, 89 N. H. 21, 192 A. 297 ), and hence are also free from the requirement of a rate uniform with taxes upon "other classes of property." Const. Pt. II, *Art.* 6th, *supra*.

It may be noted that in the case of gas and electric utilities the special tax imposed is at a rate higher than proposed for the tax now under consideration. This may account for the suggestion that "special taxes" should be treated differently from the tax upon interest and dividends. While income from interest and dividends is to be excluded from taxable business income, it is proposed that special taxes shall be credited against the business tax itself.

Business organizations subject to the interest and dividends tax might be thought to be favored thereby, since such taxpayers will be taxable partially at the rate of the business tax upon net income, and partially at a lower rate upon certain gross income from interest and dividends. This we do not consider a fatal objection, since just reason may be thought to exist for the employment of the lower rate. Should this have the effect of a partial exemption it appears to rest upon rational classification. *Opinion of the Justices*, 84 N. H. 559, 569, 149 A. 321. See *Opinion of the Justices*, 105 N. H. 22, 192 A. 2d 22; *Opinion of the Justices*, 97 N. H. 533, 536, 81 A. 2d 845. A higher rate of tax as to such income might be thought to discourage the investments so taxed, with consequences inimical to the public good. See *Petition of Savings Bank*, 68 N. H. 384, 387, 36 A. 17.

The proposal of the Task Force report contemplates repeal of

stock in trade and certain other taxes, now payable to towns and cities. Although not constitutionally required, the plan would provide for distribution of two-thirds of the proceeds of the business tax to towns and cities "at the 1969 collection level," to replace the proceeds of the taxes repealed. The method of distribution suggested in the report discloses no constitutional infirmities. See *Opinion of the Justices*, 88 N. H. 500, 507-508, 190 A. 801; *Opinion of the Justices*, 97 N. H. 533, 538-539, 81 A. 2d 845. As stated in the latter opinion, "If [the '1969 collection level'] proves to be unfair in future years, the method of distribution may be changed. The validity of the tax is not thereby affected." *Id.*, 539.

It should be emphasized that no specific legislative proposal has been submitted, and that this advisory opinion should not be construed to give advance approval of the constitutionality of proposed legislation not before us. So far as we can determine from the broad outline laid before us, the proposed tax upon business income would be constitutional, and need not be levied at the rate of other state taxes referred to. The questions submitted by your resolution are answered in the negative.

> FRANK R. KENISON.
> LAURENCE I. DUNCAN.
> EDWARD J. LAMPRON.
> WILLIAM A. GRIMES.
> ROBERT F. GRIFFITH.

January 30, 1970.

*Joseph A. Millimet*, for the Citizens Task Force, filed a memorandum in support of negative answers.

*Robert A. Backus*, also filed a memorandum in support of negative answers.