Request of House of Representatives
No. 83-195

OPINION OF THE JUSTICES

May 18, 1983

The following resolution of the House of Representatives for an opinion of the justices was adopted May 12, 1983, and filed with the Supreme Court on May 12, 1983.

"Whereas, there is presently pending before the House of Representatives HB 674-FN, An Act relative to a uniform business tax, to which there has been proposed an amendment subsequent to the Opinion of the Justices, dated May 6, 1983; and

"Whereas, HB 674-FN, if said amendment is adopted, would impose a tax on business organizations which are currently subject to a tax on their net income under the business profits tax, RSA 77-A; and

"Whereas, HB 674-FN with said proposed amendment does not repeal the business profits tax, RSA 77-A, but provides for a credit against the tax imposed pursuant to RSA 77-A for the uniform business tax paid pursuant to RSA 77-E; and

"Whereas, HB 674-FN with the proposed amendment establishes a distinct class of property defined as the business organization's 'tax base' with respect to which the uniform business tax is imposed which is intended to be distinct from 'taxable business profits' or 'net profits' which are currently subject to taxation under RSA 77-A; and

"Whereas, the stated purpose of the bill is to spread the burden of taxation more equally among all business organizations; now, therefore, be it

"Resolved by the House of Representatives:

"That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions:

"1. Would the establishment of a class of property known as 'tax base' as provided for in HB 674-FN with said amendment create a class of property distinct from 'taxable business profits' or 'net profits' as defined in RSA 77-A so as to allow each class to be taxed differently without violating the provisions of Part I, Article 12 and Part II, Article 5 of the New Hampshire Constitution?

"2. Would enactment of HB 674-FN with the proposed amendment, which would impose a uniform business tax on a business organization's tax base and provides for a credit for all taxes paid pursuant thereto against the business organization's tax imposed by RSA 77-A, violate the provisions of Part I, Article 12 and Part II, Article 5 of the New Hampshire Constitution?

"3. Would enactment of HB 674-FN with said proposed amendment violate any other provision of the New Hampshire Constitution?

"That the Clerk of the House transmit 7 copies of this resolution to the Justices of the Supreme Court together with an equal number of copies of HB 674-FN and the proposed amendment."

The following answers were returned:

*To the House of Representatives:*

The undersigned Justices of the Supreme Court reply as follows to the questions contained in your resolution adopted May 12, 1983, regarding certain amendments to House Bill 674. Interested parties were permitted to file memoranda until May 16, 1983; however, none was received.

In our recent opinion of May 6, 1983, we advised you regarding both House Bill 674 and House Bill 316, the latter of which would have established a one percent tax on "alternate business profits." We expressed our opinion that a one percent tax on "alternate business profits," defined in House Bill 316 as a business' gross income subject to reasonable and uniform credits, deductions, and adjustments, would constitute a constitutionally taxable class of property under part two, article six of the New Hampshire Constitution.

We also expressed our opinion, however, that "alternate business profits" as defined in House Bill 316, and "taxable business profits" as defined in RSA chapter 77-A, were both essentially classifications of *one* class of property; namely, business income. For that reason, we said that taxation of "alternate business profits" and "taxable business profits" at differing rates would be unconstitutional and, also, that to require the payment of taxes on both could result in double taxation in a manner not permitted under our constitution.

We were of the opinion that a one percent tax on "tax base," as defined and outlined in House Bill 674, would be a legitimate exercise of the legislature's power to classify property under our constitution. Because House Bill 674 would have *replaced* the existing scheme, RSA chapter 77-A, with a new scheme, RSA chapter 77-E, the bill raised no problems with respect to either double taxation or imposition of taxes at differing rates on the same class of property.

The proposal now before us would *retain* the eight percent tax imposed on "taxable business profits" under RSA chapter 77-A, and would also impose a one percent tax on "tax base" as defined in House Bill 674, proposed RSA chapter 77-E. The tax paid pursuant to proposed RSA chapter 77-E would be allowed as a *credit* against any tax due under RSA chapter 77-A.

■ "Tax base" as defined in House Bill 674 is substantially similar to "alternate business profits" as defined in House Bill 316. It is apparent that both are simply slightly different and broader definitions of business income than is "taxable business profits" under RSA chapter 77-A. For the reasons stated in our advice with respect to House Bill 316, we therefore do not believe that a one percent tax on "tax base" can be imposed at the same time as an eight percent tax on "taxable business profits." To do so would similarly result in the imposition of differing rates of tax on essentially the same class of property.

The proposed amendments to House Bill 674 would, in addition, run afoul of the double taxation prohibition in our constitution. As we noted in our May 6, 1983 opinion, most of the provisions of House Bill 674, proposed RSA chapter 77-E, were taken verbatim from the existing scheme, RSA chapter 77-A, including the federally based definitions of "taxable income," "ordinary income," and "net income" as starting points for the computation of the tax, the various credits and deductions, and the apportionment system. The only difference of significance between proposed RSA chapter 77-E and existing RSA chapter 77-A is the requirement that amounts previously deducted from "taxable business profits" for leases, depreciation, compensation and benefits be included in the computation of "tax base."

Under House Bill 674, as amended, the current tax on "taxable business profits" pursuant to RSA chapter 77-A would be retained, apparently because of a concern that, for some businesses, the present eight percent tax on "taxable business profits" would exceed the proposed one percent tax on "tax base." In order to avoid this potential revenue shortfall, two taxes would be imposed, but a credit for the amount paid pursuant to proposed RSA chapter 77-E would be

allowed against that levied pursuant to RSA chapter 77-A. It is equally apparent, however, that this gives rise to the precise double taxation problem we adverted to in our response to your request with respect to House Bill 316.

A business organization which would be required to pay any tax pursuant to RSA chapter 77-A would be paying tax on property which had already been included and taxed in "tax base" under proposed RSA chapter 77-E. This is because, as we stated above, the only difference between "tax base" and "taxable business profits" is the inclusion in "tax base" of sums previously deducted from "taxable business profits" for leases, depreciation, compensation and benefits. House Bill 674 as amended would therefore result in unconstitutional double taxation.

That is not to say, however, that if a separate tax were imposed on items such as compensation or payroll, to the extent that they are not presently taxed under RSA chapter 77-A, a constitutional problem would arise. Similarly, provision of a credit for the amount of that tax against the tax due under RSA chapter 77-A would be within the broad powers allotted to our legislature. As long as all business organizations in this State were subject to both tax schemes, and as long as the credit, if so provided, were available to all on a uniform and equal basis, such legislative action would not violate the constitutional requirements of reasonableness and uniformity.

As we have previously stated:

> "The power of the legislature to classify property as taxable or non-taxable is a broad one . . . . Classification of property by kind has always been recognized as proper. So, too, classification by use is said to be permissible. So long as there is a reasonable line of demarcation, and there is no attempt to make taxability depend upon a classification of owners, the legislative power in this matter is supreme."

*Opinion of the Justices*, 84 N.H. 559, 569, 149 A. 321, 326 (1930) (citation omitted), *quoted in Havens v. Attorney-General*, 91 N.H. 115, 118, 14 A.2d 636, 638 (1940).

Justices of this court have previously found a wide variety of tax schemes to be constitutional so long as the property being taxed was "sufficiently inclusive to constitute a distinctive class." *Opinion of the Justices*, 114 N.H. 174, 177, 317 A.2d 568, 570 (1974). In *Opinion of the Justices*, 111 N.H. 136, 139–40, 276 A.2d 821, 822–23

(1971), justices of this court indicated that a three percent tax on personal incomes could co-exist with a six percent tax on "taxable business profits." It was stated there that since "the personal income to be taxed would not include income taxable under RSA chapter 77-A (supp.) as business profits, but would include income from wages, salaries, and unearned income," and because the tax would "differ in its essential characteristics" from the tax imposed under RSA chapter 77-A, no constitutional problem was thus posed by the bill. *Id.*, 276 A.2d at 823.

Accordingly, our answer to question one is "no"; our answer to question two is "yes"; and, in light of the answers given, we need not address question three.

> JOHN W. KING
> MAURICE P. BOIS
> CHARLES G. DOUGLAS, III
> DAVID A. BROCK
> WILLIAM F. BATCHELDER