Request of the Senate,
No. 5154.

OPINION OF THE JUSTICES.

Submitted June 25, 1963.
Answer returned June 25, 1963.

The following answer was returned:

*To the Honorable Senate:*

The undersigned Justices of the Supreme Court submit the following answers to the questions contained in your resolution filed June 20, 1963, with reference to Senate Bill No. 55, entitled "An Act to increase the interest and dividends tax exemption." The bill would amend RSA 77:5 to provide that persons sixty-five years of age or over would be entitled to an additional exemption of four hundred dollars on their interest and dividends income taxable under RSA ch. 77.

Your first inquiry is whether "any constitutional provisions [of the New Hampshire Constitution would] be violated by providing for an additional exemption from the taxation of income as provided in SB 55." It is our opinion that the bill if enacted would not be in violation of the state Constitution.

The interest and dividends tax from its inception has allowed an exemption (Laws 1923, *c.* 65, *s.* 2) and since 1951 the exemption has been $600. RSA 77:5; Laws 1951, *c.* 222, *s.* 1. While any exemption produces a theoretical inequality in the tax burden, it is recognized that the legislative power to tax is usually based on the proposition "that the equality sought is a practical one." *Opinion of the Justices*, 82 N. H. 561, 570.

The power of the Legislature to grant a reasonable exemption in the interest and dividends tax is not doubtful. *Conner* v. *State*, 82 N. H. 126, 128; *Opinion of the Justices*, 81 N. H. 563, 564; *Sagendorph* v. *Marvin*, 101 N. H. 79, 81.

The pending bill proposes to grant an additional exemption of $400 from the interest and dividends income to those persons who are sixty-five years or older. "In the selective process of classifying certain property for taxation and exempting other property the Legislature has a wide discretion which will be sustained 'providing just reasons exist for the selection made.'" *Opinion of the Justices*, 95 N. H. 548, 550. While, of course, age and poverty are by no means synonymous, the Legislature and the courts have recognized that in many cases they may have some common attributes. See *Briggs' Petition*, 29 N. H. 547, 552-553. *Cocheco Mfg. Co.* v. *Strafford*, 51 N. H. 455, 459. In *State* v. *Railway*, 84 N. H. 313, 315, it was stated that "poverty and misfortune have long been regarded as just grounds of relief" for the abatement of taxes. See Kauper, Constitutional Uniformity and Equality in State Taxation 192 (1959). Under RSA 167:6(a) a person is "eligible for old age assistance who is sixty-five years of age" and the same age limit applies to "medical assistance to the aged." RSA 167:6(g) (supp); Laws 1961, 271:3. Neither poll taxes nor head taxes are assessed against those over seventy years of age. RSA 72:1; Laws 1961, 43:1. Today retirement at sixty-five years of age is common in both private and public employment. RSA 100:6 (supp); RSA 102:13 (supp); RSA 192:5. The tax imposed by RSA, chapter 77 is a tax upon income from sources other than earnings. We cannot say that the legislative power to grant an additional exemption to those who have reached the age of sixty-five years as proposed in Senate Bill 55 is unreasonable or that it is a taxable classification which violates the state Constitution. *Opinion of the Justices*, 95 N. H. 540, 542; *Opinion of the Justices*, 84 N. H. 559, 571-572.

Your third inquiry is whether the "totally disabled" may be granted an exemption from the payment of any tax under RSA ch. 77. Since these persons are eligible for special assistance (RSA 167:6(f)) and presumably will have no earned income, such disability may reasonably be considered a ground for exempting their unearned income from the tax under RSA chapter 77, and the Legislature has a just reason for granting an exemption by general law. See *Briggs' Petition*, 29 N. H.

547; *State* v. *Railway*, 84 N. H. 313, 315; *Opinion of the Justices*, 101 N. H. 539, 540. Such an exemption is not in violation of the state Constitution.

The generality of your second question precludes any definitive answer and therefore we are unable to provide advice which would be of present assistance.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
STEPHEN M. WHEELER.

June 25, 1963.