Request of House of Representatives,
No. 6069.

## OPINION OF THE JUSTICES.

Answer returned April 24, 1970.

The following answer was returned:

*To the House of Representatives:*

The undersigned justices of the supreme court submit the following answer to the question contained in your resolution adopted April 14, 1970 and filed in this court on April 22, 1970, with reference to House Bill No. 35, entitled "An Act clarifying the statute providing for exemptions to persons over seventy against their real estate tax."

The bill provides an exemption from taxation of residential real estate, as defined by RSA 72:29 ( II ) to the assessed value of $5,000 if owned by a resident seventy years of age or over. The bill provides that it shall apply to those who resided in the state one year preceding the taxable year in which exemption is claimed and limits the exemption to those having a net income in the preceding year of less than $4,000, if single, and $5,000, if married. The method of determination of the income is specified in the bill and there is a maximum amount of assets that may be owned by any person applying for an exemption.

The constitutionality of exemptions from tax laws as applied to the elderly under our state constitution was considered in *Opinion of the Justices,* 105 N. H. 22, 24, 192 A.2d 22, 23-24. What was said in that case is controlling and applicable to the

exemption granted in this bill. " ' In the selective process of class-ifying certain property for taxation and exempting other property the Legislature has a wide discretion which will be sustained "providing just reasons exist for the selection made. " ' *Opinion of the Justices,* 95 N. H. 548, 550. While, of course, age and poverty are by no means synonymous, the Legislature and the courts have recognized that in many cases they may have some common attributes. *See Briggs' Petition,* 29 N. H. 547, 552-553. *Cocheco Mfg. Co.* v. *Strafford,* 51 N. H. 455, 459. In *State* v. *Railway,* 84 N. H. 313, 315, it was stated that 'poverty and mis-fortune have long been regarded as just grounds of relief' for the abatement of taxes . . . . Under RSA 167:6 ( a ) a person is 'eligible for old age assistance who is sixty-five years of age' and the same age limit applies to 'medical assistance to the aged.' RSA 167:6 ( g ) ( supp ); Laws 1961, 271:3. Neither poll taxes nor head taxes are assessed against those over seventy years of age. RSA 72:1; Laws 1961, 43:1. Today retirement at sixty-five years of age is common in both private and public employ-ment. RSA 100:6 ( supp ); RSA 102:13 ( supp ); RSA 192:5. The tax imposed by RSA, chapter 77 is a tax upon income from sources other than earnings. We cannot say that the legislative power to grant an additional exemption to those who have reached the age of sixty-five years as proposed in Senate Bill 55 is un-reasonable or that it is a taxable classification which violates the state Constitution. *Opinion of the Justices,* 95 N. H. 540, 542; *Opinion of the Justices,* 84 N.H. 559, 571-572. "

We conclude that House Bill 35 is not in violation of the state constitution.

The constitutionality of House Bill 35 under the Constitution of the United States naturally suggests the question whether the bill constitutes a denial of equal protection of the law. Recent cases have applied a strict standard of equal protection of the law in certain areas. Thus in *Shapiro* v. *Thompson,* 394 U. S. 618, 22 L. Ed. 2d 600, 89 S. Ct. 1322, it was held that denial of wel-fare assistance to residents who had not met a one-year waiting period requirement was unconstitutional. In *Hall* v. *Beals,* 396 U. S. 45, 24 L. Ed. 2d 214, 90 S. Ct. 200, there was an indication that residence requirements for voting in presidential elections were suspect. In *Kramer* v. *Union School District,* 395 U. S. 621, 23 L. Ed. 2d 583, 89 S. Ct. 1886 it was pointed out that special

residence requirements for voting in school district elections could be sustained only if they were necessary to promote a compelling state interest. *See also, Cipriano* v. *City of Houma,* 395 U. S. 701, 23 L. Ed. 2d 647, 89 S. Ct. 1897; Comment, Residence Requirements for Voting in Presidential Elections, 37 U. Chi. L. Rev. 359 ( 1970 ). House Bill 35 does not affect voting rights, does not limit welfare assistance and does not seek to provide a penalty against the right of interstate travel. Consequently we think the cases cited are not controlling in this context. Newhouse, Constitutional Uniformity and Equality in State Taxation 189, 192 ( 1959 ); *Rosenblum* v. *Griffin,* 89 N. H. 314, 321, 197 A. 701, 706.

Our advisory opinion pertaining to the Constitution of the United States is necessarily limited by the fact that no memorandum has been submitted indicating what questions of constitutionality have been raised and the need of an immediate opinion for the special session about to adjourn.

The bill provides that the exemption must be filed on April 15 on forms not yet prepared by the Tax Commission. This is an obvious impossibility if the act is to be effective in 1970, and presumably a different date should be determined if the bill is to be passed and made effective in the taxable year 1970.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
EDWARD J. LAMPRON.
WILLIAM A. GRIMES.
ROBERT F. GRIFFITH.

April 24, 1970.

*Richard F. Upton,* on behalf of Representative David L. Nixon, for negative answer.