Request of House of Representatives,
No. 6381.

OPINION OF THE JUSTICES.

February 22, 1972.

The following resolution was adopted by the house of representatives and filed in this court on February 15, 1972:

"WHEREAS H. B. 70 would establish a statewide system for financing the basic costs of primary and secondary public education by providing for a special fund known as the School Fund to be distributed to the school districts of the state according to a standard formula; and

"WHEREAS, to provide revenue for the School Fund section 3 of the Bill would impose a School Property Tax and section 4 of the Bill would impose a School Income Tax; and

"WHEREAS, section 3, RSA 76-A:2 of the Bill would impose the School Property Tax at a uniform rate upon all taxable property, with residential real estate (as defined in section 3, RSA 76-A:1) exempted therefrom; and

"WHEREAS, the School Income Tax would be imposed only on residents and would contain provisions to grant equal tax treatment to residents who occupy their residences on a rental basis; and

"WHEREAS, a question has been raised concerning the constitutionality of a portion of the Bill,

"Now Therefore Be It

"RESOLVED, that the Justices of the Supreme Court be respectfully requested to give their opinion, as expeditiously as possible because of the fact that the General Court is convened in Special Session only, upon the following question of law:

"Would any Constitutional provision be violated by the exemption of residential real estate from the School Property Tax, as proposed as part of the financing system of H. B. 70?"

The following answer was returned:

*To the House of Representatives:*

The undersigned justices of the supreme court submit the following reply to the inquiry contained in your resolution adopted and filed with this court on February 15, 1972.

House bill 70 is entitled "An Act establishing a statewide system for financing the basic costs of primary and secondary education through creation of a school fund and provisions to generate revenue therefor." It would establish at the State level a system for financing the basic costs of public education

by providing for a special fund to be distributed to school districts of the State according to a formula set forth in the bill. The fund would be established in part by means of a "school property tax" levied at a rate of twenty-two dollars per thousand of local assessment valuations (divided by the last assessment ratio computed under RSA 71:11 (V)) upon all taxable property in the State excepting residential real estate occupied by the owner as his principal place of abode, which the bill would exempt from the "school property tax."

The fund would be supported in further part by proceeds of a "school income tax" upon every resident individual and resident fiduciary at a rate of four and one-half percent of his income substantially as determined for federal income tax purposes, with certain modifications and exemptions specified by the bill.

Your inquiry, directed solely to the provision of section 3 of the bill which would exempt "residential real estate" as defined by section 3 from the "school property tax" established by the section is as follows: "Would any Constitutional provision be violated by the exemption of residential real estate from the School Property Tax, as proposed as part of the financing system of H.B. 70?" Our answer is confined to your inquiry.

It is settled law that taxes upon property or estates must be laid at a common rate (*Opinion of the Justices*, 82 N.H. 561, 570, 138 A. 284, 289 (1927)), but that a general exemption from a property tax may be permitted without violation of the constitution. "'Inequality of taxes laid is forbidden, but inequality caused by taxing some property and not taxing other is permitted'. *Opinion of the Justices*, 82 N.H. 561, 574. In the selective process of classifying certain property for taxation and exempting other property the Legislature has a wide discretion which will be sustained 'provided just reasons exist for the selection made.' *Opinion of the Justices*, 94 N.H. 506, 508." *Opinion of the Justices*, 95 N.H. 548, 550, 65 A.2d 700, 701 (1949); *see Opinion of the Justices*, 111 N.H. 136, 142, 276 A.2d 821, 824 (1971); *Allied Stores of Ohio, Inc.* v. *Bowers*, 358 U.S. 522, 526-27, 3 L. Ed. 2d 480, 484-85, 79 S. Ct. 437, 440 (1959).

Just reason for the exemption of residential property from

the proposed "school property tax" is suggested by the "declaration of need and purpose" in section 1 of the bill, by which the legislature finds that the existing general property tax under present day conditions, "[i]mposes disproportionate burdens of taxation on persons having low and moderate income in each community and especially on such persons in communities having lesser amounts of taxable wealth per pupil . . . . ", a burden which the proposed "school income tax" is designed to relieve by substituting a more equitable tax. *See Opinion of the Justices,* 110 N.H. 206, 266 A.2d 111 (1970); *Opinion of the Justices,* 105 N.H. 22, 192 A.2d 22 (1963).

The bill does not call for abolition of the existing general property tax as now administered. If the bill is enacted, property in general, whether residential and owner-occupied or not, will continue to be subject to the property tax levied for the purpose of financing municipal and county operations apart from schools, as well as for the purpose of raising revenue for school expenses "not funded through distributions from the school fund under RSA 198-A." RSA 76-A:14 as proposed by H.B. 70, *s.* 3; *see* RSA 76:5; RSA 198:4, 4-a, 5.

Thus the net result of enactment of the exemption in question would be to subject residential and other property not occupied by the owner to property taxes at a total rate in excess of the rate at which owner-occupied residential property would continue to be taxed. The question thereby presented is whether this would produce an inequality and lack of uniformity forbidden by the constitution. *Opinion of the Justices,* 111 N.H. 131, 134, 276 A.2d 817, 819 (1971). We are of the opinion that it would not. The proposed "school property tax" would be a State tax at a uniform rate levied at the State level, to be returned to the school districts of the State without regard to the proportions in which payments are made by taxpayers of those districts. On the other hand, taxes paid under the existing general property tax would continue to be levied as at present at the municipal level, and expended for municipal purposes at that level. In each case the property tax imposed would be uniform and equal within the taxing district, and constitutional requirements would thus be met. "[I]f the State as a taxing district levies

an *ad valorem* property tax ... the Constitution does not require that this tax be levied at the average rate of taxation upon property in the cities and towns throughout the state ...." *Opinion of the Justices,* 101 N.H. 549, 554-55, 137 A.2d 726, 730 (1958); *see Railroad* v. *The State,* 60 N.H. 87 (1880).

While the question submitted by your resolution does not directly present the issue of whether the imposition of property taxes upon nonresidential properties at two levels would constitute double taxation of the sort forbidden by the constitution, the question may arise. What the principle forbids is double taxation by a single taxing district. *See Opinion of the Justices,* 106 N.H. 202, 207, 208 A.2d 458, 462 (1965); *Opinion of the Justices,* 84 N.H. 559, 577, 149 A. 321, 330 (1930). We are of the opinion that the taxation proposed by the bill is not double taxation forbidden by the constitution.

Your resolution requests our opinion "as expeditously as possible because of the fact that the General Court is convened in Special Session only." Accordingly, our reply which is limited to your inquiry is that the constitution would not be violated by the exemption of residential real estate from the "school property tax" as proposed by House bill 70.

> FRANK R. KENISON.
> LAURENCE I. DUNCAN.
> EDWARD J. LAMPRON.
> WILLIAM A. GRIMES.
> ROBERT F. GRIFFITH.

February 22, 1972.

*John S. Holland,* of Bedford, for affirmative answer.

*Richard F. Upton,* as amicus curiae, for affirmative answer.

*Arthur G. Marx,* on behalf of Representative C. R. Trowbridge and Representative John A. Menge, for negative answer.