Request of Governor and Council
No. 6606

OPINION OF THE JUSTICES

February 28, 1973

The following resolution was adopted by the Governor and Council February 7, 1973, and filed in this court on February 9, 1973:

"WHEREAS, the Governor in his budget to be submitted to the General Court has requested in a footnote that certain funds be returned to homeowners and not all property taxpayers in the State of New Hampshire and

"WHEREAS, the Governor is unsure and uncertain with regard to the constitutionality of providing funds solely to homeowners under his budget and

"WHEREAS, Part II, Article 74 of the Constitution of New Hampshire authorizes the Governor and Council to request opinions of the Justices of the Supreme Court 'upon impor-

tant questions of law and upon solemn occasions.'

"Now, THEREFORE, BE IT

RESOLVED that the Justices of the Supreme Court respectfully give their opinions on the following questions of law:

"1.   May the Governor in his budget as required by RSA 9:2 provide by footnote for State funds to be returned to homeowners only and not all property taxpayers?

"2.   If the answer to the foregoing question is 'yes', is such a taxpayer classification constitutional?

"and BE IT

RESOLVED that the Secretary of State be directed to submit six attested copies of this resolution to the Clerk of the Supreme Court."

The following answer was returned:

*To His Excellency the Governor and the Honorable Council:*

The undersigned justices of the supreme court returned the following answer to the questions contained in your resolution of February 7, 1973, filed in this court on February 9, 1973:

It has long been settled that the advisory opinions required by N.H. CONST. pt. II, art. 74 are limited to advice upon important legal questions pending in the body entitled to the advice and awaiting consideration and action in the course of its duty. *See Opinions of the Justices,* 98 N.H. 537, 104 A.2d 208 (1954), and 93 N.H. 474, 37 A.2d 478 (1944).

RSA 9:2, cited in your first question, relates to the budget required to be submitted by the Governor to the legislature at the beginning of each biennial session. While the occasion for action by the Governor and Council with respect to the Governor's budget is not stated by your resolution, since the budget pertains to the administration of fiscal affairs of the State and the Council is established to advise the Governor in such matters (N.H. CONST. pt. II, art. 60), we assume that the Governor and Council have jointly determined to seek our advice because of mutual doubt as to the questions presented. *Opinion of the Justices,* 74 N.H. 606, 607, 68 A. 873, 874 (1907); *Opinion of the Justices,* 101 N.H. 549, 559,

137 A.2d 726, 733 (1958); *see Opinion of the Justices,* 110 N.H. 117, 122, 262 A.2d 290, 294 (1970).

Your first question is whether the Governor may by footnote in his budget "provide . . . for State funds to be returned to homeowners only and not all property taxpayers." It is our opinion that the answer to this question is "No".

The Governor by his budget may propose appropriations, and this is evidently his purpose, since we are advised by memorandum filed on his behalf that his budget will provide for an appropriation of $4,000,000 in each year of the biennium as a "Local Tax Relief Fund".

A "return" of State funds to "homeowners", as such, would not be a public purpose. However, as pointed out in an opinion returned to a recent session of the legislature: "Public assistance, afforded in a limited way and without discrimination, to persons eligible therefor by reason of lack of means of their own, is a recognized exercise of the protective power." *Opinion of the Justices,* 111 N.H. 136, 142, 276 A.2d 821, 824 (1971). *See also Opinion of the Justices,* 112 N.H. 32, 34, 287 A.2d 756, 758 (1972); *Opinion of the Justices,* 110 N.H. 206, 266 A.2d 111 (1970). Classification to be valid must reasonably promote some proper object of public welfare or interest and may not be sustained when the selection and grouping is so arbitrary as to serve no useful purpose of a public nature.

Recent opinions have emphasized that taxpayers may not constitutionally be classified as taxable or nontaxable, and that taxes are required to be assessed uniformly, and upon individual and corporate property owners alike (*Opinion of the Justices,* 111 N.H. 206, 208, 209, 278 A.2d 348, 349, 350 (1971)), although reasonable exemptions, for which just reason exists may be provided. *Opinion of the Justices,* 112 N.H. 32, 34, 287 A.2d 756, 758 (1972); *Opinion of the Justices,* 110 N.H. 206, 208, 266 A.2d 111, 113 (1970). A rebate out of public funds to some taxpayers but not others would clearly constitute discrimination unless sustainable upon grounds of reasonable classification. No criteria which would be employed to govern the return of public funds to homeowners are disclosed by either your resolution or the proposed budget. *Cf. Opinion of the Justices,* 111 N.H. 136, 141-43, 276 A.2d 821, 824 (1971).

The answer to your second question is "No, such a classification would not be constitutional."

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
WILLIAM A. GRIMES
ROBERT F. GRIFFITH

February 20, 1973.

Governor Meldrim Thomson, Jr., by his legal counsel, Charles G. Douglas III, for affirmative answer.