Request of House of Representatives
No. 7210

## OPINION OF THE JUSTICES

May 26, 1975

The following request of the house of representatives for an opinion of the justices was adopted on May 6, 1975, and filed in this court on May 9, 1975:

"Whereas, there is presently pending before the House of Representatives Senate Bill 17 permitting a local option to expand real estate tax exemptions for the elderly; and

"Whereas, legislation proposing new tax exemptions should be closely scrutinized to determine its consistency with the United States and New Hampshire Constitutions; now therefore be it

"Resolved by the House of Representatives, that:

"The Justices of the Supreme Court be respectfully requested to give their opinion as expeditiously as possible on the following questions of law:

"1. May the General Court constitutionally delegate to cities and towns the authority to create tax exemptions such as proposed in SB 17, the effect of which would be to permit the cities and towns to decide for themselves, individually and independently, whether or not to grant certain additional real property tax exemptions for the elderly?

"2. Would failure of some cities and towns to adopt the optional additional exemptions authorized in Senate Bill 17 result in an uneven system of taxation among elderly citizens which would violate constitutionally mandated requirements for uniformity and equality of taxation?

"3. Do the provisions of Senate Bill 17 calling for incremental increases in the exemption with advancing age conflict with constitutionally mandated requirements for uniformity and equality of taxation?

"4. Does the failure of the bill to provide comparable tax relief for renters render the bill unconstitutional?

"5. In all respects, other than those to which the preceding questions relate, is Senate Bill 17 constitutional on its face?

"Be it further resolved that the clerk of house transmit ten copies of this resolution to the clerk of the Supreme Court for consideration by said court."

The following answer was returned:

*To the House of Representatives:*

The undersigned justices of the supreme court return the following answers to the questions with respect to Senate bill 17 contained in your resolution adopted May 6, 1975, and filed with the court on May 9, 1975.

Senate bill 17 by amendment of RSA ch. 72 would authorize towns and cities of the State, under new section RSA 72:43-a, to adopt by referendum the provisions of new sections RSA 72:43-b and RSA 72:43-c. The latter sections would provide exemptions from taxation for residential real estate as presently defined by RSA 72:29 II, ranging from five thousand dollars of assessed valuation of the property of persons of age sixty-five to seventy-five, to ten thousand dollars valuation of property of persons of age seventy-five to eighty, and a maximum of twenty thousand dollars for persons of age eighty years or older. They would further provide that such exemptions would be in lieu of the exemption presently afforded by RSA 72:39 (Supp. 1973) and RSA 72:40, and would require specified qualifications of the owners, including five years' prior residence in the State, a maximum net income of seven thousand dollars if single, and nine thousand dollars if married, and net assets not exceeding thirty-five thousand dollars. These provisions are in contrast with those of the present law, affording an exemption of five thousand dollars of valuation to persons age seventy years or over and having a maximum net income of less than four thousand dollars or if married of less than five thousand, and net assets not in excess of twenty-five thousand dollars. RSA 72:39 (Supp. 1973); RSA 72:40, :41; *Opinion of the Justices,* 110 N.H. 206, 266 A.2d 111 (1970).

Your first question is as follows: "May the General Court constitutionally delegate to cities and towns the authority to create tax exemptions such as proposed in SB 17, the effect of which would be to permit the cities and towns to decide for themselves, individually and independently, whether or not to grant certain additional real property tax exemptions for the elderly?"

This question is answered "Yes"; the General Court may constitutionally delegate the specified authority to towns and cities. No unconstitutional delegation of authority results when the legislature establishes the terms of a general act, but leaves the

determination of whether it shall have the force of law to the governing bodies of the localities to be affected or to the people themselves. "Giving them the right to be consulted was not a transfer of non-delegable power." *Goodrich Falls Co. v. Howard,* 86 N.H. 512, 517, 171 A. 761, 764 (1934). *See also State v. Rogers,* 105 N.H. 366, 371, 200 A.2d 740, 743 (1964).

Your second question whether "constitutionally mandated requirements for uniformity and equality of taxation" would be violated should less than all cities and towns adopt the optional exemptions provided by the bill, with a resulting "uneven system of taxation among elderly citizens", is answered "No". In the recent decision of *Felder v. Portsmouth,* 114 N.H. 573, 324 A.2d 708 (1974), the court had occasion to consider the constitutionality of analogous provisions of RSA 72:44-60 (Supp. 1973) authorizing a "Homeowners' Exemption". There the court reviewed the constitutional basis for exemptions from taxation with particular reference to the purpose of the Homeowners' Exemption Law, "to promote the public interest in preserving owner-occupied residential property". *Id.* at 577, 324 A.2d at 710. A minimum valuation feature of that law, not present in the bill now before you, was thought to render that law unconstitutional. The authorities and principles there discussed, however, support the validity of the pending act. *Id.* at 577-78, 324 A.2d at 710. For reasons pointed out in *Opinion of the Justices,* 112 N.H. 32, 35-36, 287 A.2d 756, 757-58 (1972), since "the property tax imposed would be uniform and equal within ... [each] taxing district, ... constitutional requirements would thus be met". *Opinion of the Justices,* 101 N.H. 549, 554-55, 137 A.2d 726, 730 (1958); *Railroad v. The State,* 60 N.H. 87 (1880).

Your third question is as follows: "Do the provisions of Senate Bill 17 calling for incremental increases in the exemption with advancing age conflict with constitutionally mandated requirements for uniformity and equality of taxation?"

While we are furnished no statistical studies which would supply factual bases for the conclusion (*Cf. Opinion of the Justices,* 111 N.H. 136, 143, 276 A.2d 821, 825 (1971)), it is reasonable to assume that with advancing age the average earning power diminishes, and income from shrinking principal decreases. The provisions by which increased exemptions would be afforded to resident owners in advanced age brackets appear to be reasonable upon their face, and hence to furnish just reason for the exemptions proposed. *Opinion of the Justices,* 112 N.H. 32, 34,

287 A.2d 756, 757 (1972). In terms of the current average tax rate for the State, the increases in exemptions provided by RSA 72:43-b and :43-c would result in limited tax reductions which on average might be thought not to exceed reasonable assistance. *See Opinion of the Justices,* 111 N.H. 136, 142, 276 A.2d 821, 824 (1971); *Opinion of the Justices,* 88 N.H. 500, 507, 190 A. 801, 806 (1937). Within constitutional limits, the wisdom and reasonableness of legislative measures are for the legislature to determine and not the courts. The increases would not offend constitutional requirements of uniformity and equality, since all resident owners within a specified class would qualify for the same exemption, subject to the same limitations.

Your third question is answered "No".

Your fourth question is "Does the failure of the bill to provide comparable tax relief for renters render the bill unconstitutional?" This question is answered "No". The evident purpose of the bill is to protect elderly homeowners from loss of their homes by reason of taxation beyond their means. The constitution does not require parallel benefits to renters, who are not directly subject to the payment of property taxes, and not in similar jeopardy.

Your resolution seeks a reply "as expeditiously as possible", and since no specific constitutional objections to the bill have been suggested beyond those previously considered, your fifth question appears to require no further answer.

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
WILLIAM A. GRIMES
ROBERT F. GRIFFITH