Request of the Senate
No. 7245

OPINION OF THE JUSTICES

June 26, 1975

The following resolution was adopted by the senate on June 17, 1975, and was filed with the supreme court on June 23, 1975:

"Whereas, there is presently pending legislation in the form of 1975 Senate Bill 138, relating to the definition of property within the state under the business profits tax; and

"Whereas, the purpose of 1975 Senate Bill 138 is to relieve from taxation certain suppliers of the state liquor commission who would otherwise be subject to the business profits tax; and

"Whereas, the Senate of New Hampshire has established a special committee for the study of bailment through Senate Resolution No. 18, and

"Whereas, concern has been expressed that limiting this proposed legislation to spirits and wines may be in violation of the 'proportional and reasonable' requirements of Article 5 of Part Second of the Constitution of New Hampshire or may create an impermissible classification of property in violation of Article 6 of Part Second of the Constitution of New Hampshire; now therefore be it now

"Resolved by the Senate:

"That, the justices of the Supreme Court be respectfully requested to give their opinion upon the following important questions of Law:

"May the general court constitutionally exempt a specific class of property from taxation by omitting it in the description of property required to be taxed under RSA 77-A:1, I when the consequence of such an exemption is to relieve from taxation otherwise taxable net income derived from a particular type of business activity, as specified in 1975 Senate Bill 138? Would any other provision of the New Hampshire Constitution be violated if Senate Bill 138 were enacted into law?

That the clerk of the Senate transmit ten copies of Senate Bill 138 to the Clerk of the Supreme Court for consideration by said court."

The following answer was returned:

*To the Honorable Senate:*

Your request for an advisory opinion concerning the constitutionality of Senate bill 138 was received in the office of the clerk of this court three days after we had issued an advisory opinion to the house of representatives concerning the constitutionality of the same bill. *Opinion of the Justices,* 115 N.H. 306, 339 A.2d 450 (1975).

Prior to issuing that advisory opinion we were informed in a memorandum of law filed by the chairman of the house and ways committee that the house on May 28, 1975, simultaneously asked for an advisory opinion on the constitutionality of Senate bill 138 and referred the bill to the ways and means committee for study, and that the speaker of the house ruled that the committee was obligated to report to the house on the bill by October 1, 1975. RSA ch. 17-D (Supp. 1973); Manual of General Court, Joint R. 31 (1975); N.H.H.R. Jour. 1517-18 (1975); *see* P. Mason, Manual of Legislative Procedure § 799 (1970). On these facts, we issued our opinion on the constitutionality of Senate bill 138 less than a week ago.

Part II, article 74 of the New Hampshire constitution provides: "Each branch of the legislature as well as the governor and council shall have authority to require the opinions of the justices of the supreme court upon important questions of law and upon solemn occasions." Advisory opinions required by this constitutional provision are limited to advice upon important legal questions pending in, and awaiting consideration and action by, the body entitled to the advice in the course of its duty. *Opinion of the Justices,* 113 N.H. 87, 88, 302 A.2d 112, 114 (1973); *Opinion of the Justices,* 73 N.H. 625, 63 A. 505 (1906). If the body entitled to an advisory opinion requests advice upon an important legal question pending before it during a regular session, but intends, for good cause, to consider and act

upon the question in the course of its duty at an expected special session, the justices have recognized the situation as an exception to the general rule and have given the advice requested. *Opinion of the Justices*, 109 N.H. 473, 474, 254 A.2d 845, 846 (1969).

The facts given to us show that when the senate adopted the resolution asking for an advisory opinion on Senate bill 138, the bill was not in the possession of the senate either as a matter pending before it or as one referred to a senate committee obligated to report to it during the legislative term of office. In those circumstances, we are not authorized under the State constitution to issue an advisory opinion, and respectfully request to be excused from answering.

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
WILLIAM A. GRIMES
ROBERT F. GRIFFITH