Board of Taxation
No. 78-246

ELTRA CORPORATION

v.

TOWN OF HOPKINTON

December 28, 1979

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*Eugene M. Van Loan, III*, orally), for the plaintiff.

*Upton, Sanders & Smith*, of Concord (*Gary B. Richardson* orally), for the defendant.

BROCK, J. This is an appeal from a decision of the board of taxation determining the amount owed the town of Hopkinton by Eltra Corporation for "its just share of the public expense" under RSA 162-I:15.

The plaintiff, Eltra, filed a petition with the board of taxation in early 1977 for a hearing on the amount due the town of Hopkinton in lieu of taxes. Its petition challenged a tax bill in the amount of $92,098.22 issued by the defendant town to Eltra for payment in lieu of taxes with respect to property leased by Eltra from the New Hampshire Industrial Development Authority (hereinafter IDA). The petition alleged that the town and Eltra had reached an agreement which set the amount of Eltra's liability for payments in lieu of taxes at between $25,000 and $30,000 per year for a period of ten years. The petition requested that the board schedule a hearing in accordance with RSA 162-I:15 to determine that the plaintiff's "just share of the public expense" was as specified in the agreement between the parties.

Following three days of testimony, the board of taxation ruled that such an agreement, if any existed, would not be binding on the board under the statutory scheme of RSA 162-I:15. The board also ruled that payment for a "just share of the public expense" in lieu of taxes is to be determined "by applying the tax rate of the Town to the 'full and true value in money' of the taxable real estate and fixtures of Eltra." Eltra appealed to this court.

The first issue raised is whether RSA 162-I:15 contemplates that the municipality in which a proposed IDA-owned industrial facility is to be located and the prospective tenant of that facility would negotiate the amounts to be paid to the municipality in lieu of taxes.

The history of RSA 162-I:15 and its predecessor, RSA 162-D:7 (Vol. 2, 1964 Replacement, Supp. 1965) (same language as RSA 162-I:15 except substitution of the board of taxation for the Governor and Council), suggests that the board of taxation was in error when it failed to consider the alleged agreement between the parties in determining what constitutes the plaintiff's "just share of the public expense."

As originally drafted, House bill 154 (1965) provided that an industrial facility under the IDA would be:

> declared to be public property ... exempt from all taxes ...; provided that in lieu of such taxes the state ... may require any lessee ... to make payment to the ... municipality in which the facility is located for highway maintenance, fire protection or other services.

*Opinion of the Justices*, 106 N.H. 180, 182–83, 207 A.2d 574, 576 (1965). The justices cautioned the house of representatives that House bill 154, in that form, would not be adequate to preclude violation of part I, article 12 and part II, articles 5 and 6 of the State constitution. *Id.* at 185, 207 A.2d at 577. The court expressed concern that:

> a corporation for profit which leased an industrial facility might indirectly be relieved of the payment of any taxes for a substantial period of time, should the rental charged be merely equivalent to the bare value of the use, and should no agreement for payment in lieu of taxes be required.

*Id.* at 185, 207 A.2d at 577. In such a case, then, the industry would be relieved of paying its just share of the public expense, N.H. CONST., pt. I, art. 12, so as to indirectly receive the benefit of money which the town or county would otherwise receive from taxes. N.H. CONST., pt. II, art. 6; 106 N.H. at 185, 207 A.2d at 577.

■ To overcome this constitutional impediment, the house of representatives added language that the Governor and Council (now the board of taxation) "shall determine, after a hearing thereon, that such payments constitute a just share of the public expense." RSA 162-D:7 (Vol. 2, 1964 Replacement, Supp. 1965); *Opinion of the Justices*, 106 N.H. 237, 241, 209 A.2d 474, 476 (1965). The purpose of this amendment was not to ignore the negotiations and agreements between the municipality and the industry, but to assure that any figures agreed upon constituted a "just share of the public expense."

We note further that the attorney general's office, interpreting RSA 162-D:7, advised the Governor and Executive Council in 1966 as follows:

> [T]hat the political subdivision, and not Governor and Council, must first determine whether the amount to be paid by a lessee in lieu of taxes represents a just share of the public expense.

RSA 162-D:7 (Supp.) states: [quotation omitted].

> Where title to an industrial facility is to be accepted by a municipality pursuant to and under RSA 162-D (supp), the legislative intent was to authorize the municipality to negotiate an amount in lieu of taxes under RSA 162-D:7 (supp), to officially adopt the finalized proposal in due course of law, but, "provided further", that the municipality submit the proposed arrangement in lieu of taxes to Governor and Council for review under RSA 162-D:7 (supp).
>
> The municipality decides preliminarily what amount constitutes a just share of the public expense and is acceptable in lieu of taxes. The Governor and Council make the final determination whether the amount preliminarily accepted by the municipality constitutes a just share of the public expense.

This is generally the procedure which has been followed by the IDA. By letter dated May 9, 1975, the IDA advised the town of Hopkinton that:

> even though the Authority does not have to pay local taxes on property it owns under RSA 162-I, the tenant must make annual payments in lieu of taxes to the city or town where the facility is located. RSA 162-I:15 specifies that these payments must be the tenant's "just share of the public expense." The exact amount of these payments is something which must be agreed upon by the city or town and the company, subject to the approval of the Board of Taxation.

■ In view of the interpretation given the statute by the attorney general in 1966 and the practice followed by the IDA, we may assume that the legislature, had it disagreed with their interpretation and practice, would have provided otherwise as part of its subsequent amendments and revisions of the statute. The legislature, therefore, is deemed to have ratified and adopted such interpretation and practice. *See Dover Housing Board v. Colbath,* 106 N.H 481, 483, 213 A.2d 923, 925 (1965); *Rockwood v. Rockwood,* 105 N.H. 129, 194 A.2d 771 (1963); *State v. Deane,* 101 N.H. 127, 135 A.2d 897 (1957).

■■ We hold, therefore, that such an agreement, if one has been in fact reached, should be presented to the board of taxation for its consideration in determining what constitutes a "just share of the

public expense." The agreed amount, however, neither binds the board nor limits its power to make its own determination of a just share. In addition, any agreement reached between a municipality and an industrial tenant should be submitted to the board prior to the Governor and Council's consideration of the issuance of industrial development bonds. In this way, both the prospective developer and the municipality may rely on the negotiated agreement if it is approved by the board and thereby decide whether to proceed with the venture.

The present case is unusual in that the IDA bonds have issued and the facility has been built prior to determination or approval of a sum constituting a "just share of the public expense" by the board of taxation. We, therefore, remand to the board for its consideration of any agreement reached between Eltra and the town and its determination of the sum which will constitute a "just share of the public expense" on the facts of this case.

A second issue which we must consider in this case involves the standard by which "a just share of the public expense" is to be determined. Part I, article 12 of the New Hampshire Constitution specifies that every member of a community is "to contribute his share in the expense." This provision has been interpreted to require an equal sharing of the public expense, not a donation of subsidies to a part of a class of property owners from the property of others. *Morrison v. Manchester*, 58 N.H. 538, 550 (1879).

The basic principle that all taxpayers shall share the public expense equally, however, is not violated by a legislative exemption of a certain class of property from taxation, in whole or in part, provided the exemption serves the general welfare. *Canaan v. Enfield Village Fire District*, 74 N.H. 517, 544, 70 A. 250, 261 (1908). The legislature has wide discretion in classifying certain property for taxation and exempting other property which will be sustained provided just reasons exist for the selection made. *Felder v. Portsmouth*, 114 N.H. 573, 577, 324 A.2d 708, 710 (1974); *Opinion of the Justices*, 112 N.H. 32, 34, 287 A.2d 756, 757 (1972). The classification must not be arbitrary, but must reasonably promote some proper object of public welfare or interest. *Felder v. Portsmouth*, 114 N.H. at 577, 324 A.2d at 710; *Opinion of the Justices*, 113 N.H. 87, 89, 302 A.2d 112, 114 (1974).

In enacting RSA ch. 162-I, the legislature declared that there was a need "to foster and encourage the development of industrial facilities." RSA 162-I:1. The Governor and Council, incident to its

authorization to the IDA to acquire the industrial facility, to execute financing or security documents and to issue bonds, found that the industrial facility "will serve a public use and provide a public benefit." RSA 162-I:9 (Supp. 1975). Accordingly, RSA 162-I:15 may constitutionally exempt a chapter 162-I industrial facility such as Eltra from all "taxes" of the State or its subdivisions.

"In lieu of such taxes," however, Eltra is liable to the town for its "just share of the public expense." We must then consider what the legislature intended to be the meaning of the phrase "just share of the public expense" and also whether the legislature intended to grant a partial tax exemption or to use some alternative method of determining a "just share."

Eltra contends that its "just share" is to be derived by determining its pro rata share of any increase in costs of services to the town of Hopkinton resulting from the construction of its new facility. In contrast, the town contends that the liability of Eltra is an amount identical to the tax payment which the corporation would pay if the property were taxable. We reject both contentions.

In considering the original draft of RSA 162-I:15, the supreme court justices cautioned the house of representatives that a corporation leasing an industrial facility which did not make any payment in lieu of taxes would unconstitutionally be relieved of paying its just share of the public expense. *Opinion of the Justices*, 106 N.H. at 185, 207 A.2d at 577. Whether a "just share" should be based on an amount equal to what it would pay in property taxes or some lesser amount, and whether the "just share" is to be determined on the basis of public utilization or other factors are questions heretofore left unanswered by the legislature or this court.

 In determining value for tax purposes, this court has held that [u]nless the statute requires the use of specific matters as exclusive measures for its determination, consideration is to be given to all relevant factors." *Brock v. Farmington*, 98 N.H. 275, 277, 98 A.2d 162, 163 (1953). No such limitation exists in RSA 162-I:15. It neither requires nor authorizes the assessing officials to fix values or to fix values within the limits of any specific formula. *Cf. Brock v. Farmington supra*. Accordingly, the provisions of RSA 162-I:15 are not sufficiently explicit to require other than a broad and general basis for determination of "a just share of public expense."

 Although this court has recognized tax assessment methods based on fair market value and on current use, *Opinion of the Justices*, 115 N.H. 228, 338 A.2d 553 (1975); *see* S. JOUR. 1230–32 (June 28,

1967), we find no reason to compel the use of one or the other in determining what constitutes a "just share of the public expense." The words "just share of the public expense" neither mandate nor imply that an amount in lieu of taxes must equal the tax payment which the corporation would pay if the property were taxable or must be derived by determining the pro rata share of increase in services to a municipality resulting from the construction of the new facility.

[13] We hold, therefore, that "just share of the public expense" does not equal assessed valuation and that the board of taxation should consider all factors deemed relevant in making its determination of what constitutes a just share. Among those factors are: (1) the fair market value of the industrial facility, (2) the increase in the cost of public expenses due to the new facility, (3) the share in the cost of existing public expenses, (4) the benefit to the community of having the particular industry locate in the community, and (5) the employment opportunities to be created or retained within the community or its environs.

*Remanded for proceedings consistent with this opinion.*

All concurred.