Feb. 24, 1949. } No. 3826.

## OPINION OF THE JUSTICES.

The following resolution was adopted by the House of Representatives at the present session of the General Court on January 27, 1949:

"Resolved that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions of law:

"Do the provisions of House Bill No. 186, An Act providing for an income tax, violate in any way the provisions of the fundamental law of the State, with respect to the following:

"1. The provision contained in Section 1 permitting the taxpayer to make his return and pay his tax on a fiscal year basis.

"2. The provisions contained in Section 1 defining net income.

"3. The provisions for exemptions contained in Section 3.

"4. The provision for allocation contained in Section 4.

"5. The implied provision that the interest and dividends tax shall remain in force and that interest and dividends shall be taxed under this act only when the net income of the person or corporation paying the interest and dividends has not been taxed under this act.

"6. And in the opinion of the Court does any other provision of said bill appear to be in conflict with the constitution?

"Further Resolved that the Speaker transmit a copy of this Resolution and of House Bill No. 186 to the Clerk of the Supreme Court for consideration by said Court."

The following answer was returned:

*To the House of Representatives:*

The undersigned, the Justices of the Supreme Court make answer as follows to the inquiries contained in your resolution with reference to House Bill No. 186, entitled: "An Act Providing For An Income Tax."

The provisions contained in section 1, permitting the use of the fiscal year as the tax period in lieu of the calendar year, appear to be open to no constitutional objection. These provisions are concerned primarily with the method of collecting the tax and cannot result in

enabling any taxpayer to escape his just proportion of the tax. We, therefore, find ourselves in disagreement with the following statement in the *Opinion of the Justices*, 84 N. H. 559, 574: "Allowing a taxpayer to use a fiscal year differing from that prescribed for taxpayers in general is plainly in conflict with the principle of equality as understood and administered in this state." The tentative and provisional nature of all advisory opinions of the Justices is thus illustrated. They "are not judgments establishing the law . . . and their persuasive value may be greater or less, as the circumstances under which they were rendered show finality of judgment or the reverse in the minds of their authors." *Id.*, 583.

The provision of section 1, that "net income" means net income as defined under the Internal Revenue Code of the United States in effect at the time of the passage of this act, does not appear to violate any provision of the Constitution and will greatly facilitate the administration of the act if passed.

The provisions of section 3 allowing certain exemptions are in accordance with similar provisions of the Federal law and no objection to them is perceived. *Opinion of the Justices*, 84 N. H. 559, 571, 572.

The provisions of section 4, for the allocation of income from business transacted partially within this state and partially elsewhere, appear to furnish reasonable guides for the solution of a difficult problem, and no constitutional objection thereto is perceived.

In your fifth question you inquire whether there is any constitutional objection to "the implied provision that the interest and dividends tax shall remain in force and that interest and dividends shall be taxed under this act only when the net income of the person or corporation paying the interest and dividends has not been taxed under this act." No constitutional objection to such a provision is perceived, but we are of the opinion that such important matters as these should not be left to implication.

With reference to your final inquiry: "Does any other provision of said bill appear to be in conflict with the constitution?", the answer is no.

OLIVER W. BRANCH.
FRANCIS W. JOHNSTON.
FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.

February 24, 1949.

*Elwin L. Page* (by brief and orally), for the Interim Committee on Overall Taxation, for the bill.