Belknap
No. 6624

SHANGRI-LA, INC.

v.

STATE OF NEW HAMPSHIRE

August 27, 1973

*Warren B. Rudman,* attorney general, and *Charles A. Cleaveland,* attorney *(Mr. Cleaveland* orally), for the New Hampshire Tax Commission.

*Upton, Sanders & Upton (Frederic K. Upton* orally) for Shangri-La, Inc.

GRIMES, J. This appeal questions the tax commission's determination that for the purpose of the Business Profits Tax (RSA ch. 77-A) the taxpayer's gain on the sale of its

business property should be computed on the basis of its federal income tax return (cost less accumulated depreciation) rather than the fair market value on the effective date of the tax statute (January 1, 1970). The taxpayer, Shangri-La, contends not only that the legislature did not intend to tax appreciation in value occurring before the effective date of the tax, but also that a legislative intent to tax pre-enactment appreciation violates the New Hampshire constitution and the Constitution of the United States. The case was submitted to the superior court on an agreed statement of facts and all questions of law were transferred without ruling by *Keller,* C.J.

The taxpayer is a New Hampshire corporation engaged in a resort motel business, formerly owned and operated by the taxpayer's only two shareholders. The shareholders incorporated under INT. REV. CODE of 1954, § 351 in 1966 so that the shareholders could exchange their fixed assets for stock without recognizing taxable gain. This exchange required the taxpayer to assume the shareholders' adjusted basis in the fixed assets. INT. REV. CODE of 1954, § 362. The shareholders' adjusted basis is determined primarily by the shareholders' acquisition cost in 1952 less accumulated depreciation. *See* INT. REV. CODE of 1954, §§ 1011, 1012, 1016.

The taxpayer consummated a sale of the entire resort business on April 28, 1970, for a purchase price of $1,585,000. As a result of the assumption of the shareholders' adjusted basis, the taxpayer reported a gain from this sale of $727,036 in its 1970 federal income tax return. The taxpayer elected the installment method of reporting such gain so that the long-term capital gain recognized on the payments received in 1970 was $298,520. This long-term capital gain is reflected on taxpayer's 1970 federal return as "taxable income" from which New Hampshire determines its business profits tax. RSA 77-A:1 III (a).

Substantially all the increase in value of the taxpayer's fixed assets accrued between 1952 and January 1, 1970, the effective date of the business profits tax. The April 1970 purchase price is therefore substantially equivalent to the fair market value of the assets on the effective date of the business profits tax.

The taxpayer filed a 1970 New Hampshire business profits tax return and applied to the tax commission to determine under RSA 77-A:13 whether the basis used for computing business tax gain should be the fair market value of the property on the effective date of the business profits tax instead of the assumed 1952 adjusted basis utilized for federal income tax purposes. After hearing, the tax commission determined that the gain be computed by the federal adjusted basis.

The taxpayer claims that the State legislature did not intend RSA ch. 77-A to apply to appreciation of capital assets that accrued prior to the effective date of the statute. RSA 77-A:1 III states, "'Gross Business Profits' means: (a) . . . in the case of a corporation which elects treatment as a small business corporation under the United States Internal Revenue Code (1954) as amended, the amount shown as 'taxable income' on its United States small business corporation income tax return; . . . ." We think this language imports a legislative intent to incorporate by reference the federal income tax method of determining taxable income.

The taxpayer agrees with this in part but argues that the federal basis rules are changed by the transitional provisions of RSA ch. 77-A which state, "I. The tax imposed . . . shall apply to gross business profits *earned* since January 1, 1970." (Emphasis added.) Laws 1970, ch. 5:2 I. The taxpayer relies on the word "earned" to claim that only appreciation in value of property after January 1, 1970, can be taxed under RSA ch. 77-A.

Since RSA ch. 77-A is an income tax which adopts federal law to determine net taxable business income, we refer to federal tax principles. Under these principles an asset's unrealized appreciation does not become income for income tax purposes until the taxpayer realizes a profit through a sale or other transaction. *Eisner v. Macomber,* 252 U.S. 189, 207, 64 L. Ed. 521, 529, 40 S. Ct. 189, 193 (1920). Unrealized appreciation by itself is never a separate taxable entity that can be "earned". Net taxable income is "earned" only when the taxpayer realizes his profit. We think the legislature intended "earned" to refer in this income tax context to the income-creating event of profit realization and not to the nonincome-creating event of unrealized appreciation.

The taxpayer argues alternatively that the legislature could not have intended RSA ch. 77-A to apply the federal law's downward adjustments for preenactment depreciation. The legislature's specific adoption of the federal income tax term of "taxable income" belies this view. By adopting this term, the legislature levies a tax on income as federally defined and thereby incorporates federal adjustments to the basis used to arrive at this definition. *See Katzenburg v. Comptroller of Treasury,* 263 Md. 189, 282 A.2d 465 (1971); *Peterson v. Sullivan,* 163 Conn. 520, 313 A.2d 49 (1972). Furthermore, federal basis rules apply an adjusted basis existent before the effective date of a federal statute creating a tax on gain, if the taxpayer realizes his gain after the statute's effective date. *See MacLaughlin v. Alliance Ins. Co.,* 286 U.S. 244, 76 L. Ed. 1083, 52 S. Ct. 538 (1932); *see* Coyne, *State Taxation of Capital Gains: Is Use of the Federal Basis Constitutional,* 24 National Tax J. 521 (1971).

The taxpayer next argues that if RSA ch. 77-A taxes appreciation in value occurring prior to January 1, 1970, then the tax is a levy on ownership of property contravening the rule of proportionality for assessments upon estates under N.H. CONST. pt. II, art. 5. The crux of this argument is that appreciation in value of fixed assets prior to January 1, 1970, are accretions to capital and cannot be converted into income "in the making" by the subsequent enactment of RSA ch. 77-A, and that only after the passage of the tax can such capital accretions be considered income "in the making".

This argument misconstrues what is being taxed. In an income tax, the taxable event is the actual realization of gain or profit from an asset by converting the asset into money or other assets. This realized gain or profit is considered income to the taxpayer only in the year the taxpayer actually receives the profit. Since RSA ch. 77-A does not purport to tax fixed assets' yearly unrealized appreciation, it need not separately characterize appreciation before and after the enactment date. *Fullerton Oil Co. v. Johnson,* 2 Cal. 2d 162, 171-72, 39 P.2d 796, 800 (1934); *Norman v. Bradley,* 173 Ga. 482, 160 S.E. 413 (1931); *Fidelity & Columbia Trust Co. v. Reeves,* 287 Ky. 522, 154 S.W.2d 337 (1941).

The taxpayer contends that RSA ch. 77-A's taxation of

appreciation prior to January 1, 1970, constitutes a retrospective law prohibited by N.H. CONST. pt. I, art. 23. RSA ch. 77-A does not tax the gradual appreciation of unrealized gain as it occurred in the years prior to the statute's enactment. RSA ch. 77-A levies only on the realization of income in the year the taxpayer actually receives profit by converting assets. The majority, and we think better view, does not consider an income tax levied on the final receipt of profit as retroactive merely because the amount of gain or profit realized is measured with reference to a basis prior to enactment. *City Nat'l Bank v. Iowa State Tax Comm'n,* 251 Iowa 603, 102 N.W.2d 381 (1960); *Katzenburg v. Comptroller of Treasury,* 263 Md. 189, 282 A.2d 465 (1971); *Kellems v. Brown,* 163 Conn. 478, 313 A.2d 53 (1972); *see* Coyne, *State Taxation of Capital Gains: Is Use of the Federal Basis Constitutional supra.*

The taxpayer argues that downward adjustments to basis for preenactment depreciation creates a classification in violation of N.H. CONST. pt. II, art. 5 and a denial of equal protection under the fourteenth amendment. The taxpayer also argues that the use of federal adjusted basis to include preenactment appreciation deprives the taxpayer of property without due process of law.

We have already held that the New Hampshire constitution permits the legislature to use federal definitions of net taxable income. *Opinion of the Justices,* 95 N.H. 540, 542, 64 A.2d 322, 323 (1949); *Opinion of the Justices,* 110 N.H. 117, 122, 262 A.2d 290, 295 (1970); *Opinion of the Justices,* 111 N.H. 136, 140, 276 A.2d 821, 823 (1971). The federal courts have upheld the constitutionality of taxing gain computed by applying an adjusted basis existent before the effective date of the statute characterizing such gain as taxable income. *McLaughlin v. Alliance Ins. Co.,* 286 U.S. 244, 76 L. Ed. 1283, 52 S. Ct. 538 (1932); *Picchione v. Commissioner,* 440 F.2d 170 (1st Cir. 1971). The United States Supreme Court recently summarily dismissed, for want of a substantial federal question, an appeal raising due process and equal protection challenges to a Connecticut income tax that similarly utilized federal income tax basis rules to define net taxable income. *Kellems v. Brown,* 409 U.S. 1099, 34 L. Ed. 2d

678, 93 S. Ct. 911 (1973) *dismissing appeal from* 163 Conn. 478, 313 A.2d 53 (1972); *see* Note, *Summary Disposition of Supreme Court Appeals: The Significance of Limited Discretion and a Theory of Limited Precedent,* 52 B.U.L. Rev. 373, 416-20 (1972), and authorities cited therein. Under these compelling precedents, we find no constitutional infirmity in RSA ch. 77-A's utilization of the federal adjusted basis to determine net taxable income.

*Remanded.*

All concurred.