Rockingham
No. 98-249

## TYLER ROAD DEVELOPMENT CORP.

v.

## TOWN OF LONDONDERRY

December 28, 2000

*Steven G. Shadallah,* of Salem, by brief and orally, for the plaintiff.

*Grinnell & Bureau,* of Londonderry (*David R. Connell* on the brief and orally), for the defendant.

*H. Bernard Waugh, Jr.,* of Concord, by brief, for the N.H. Municipal Association, as *amicus curiae.*

*David L. Harrigan,* of Concord, by brief, for Statewide Program of Action to Conserve Our Environment, as *amicus curiae.*

NADEAU, J. The defendant, the Town of Londonderry (town), appeals the Superior Court's (*Murphy,* J.) ruling that application of RSA 79-A:7, V (Supp. 1999) to the plaintiff's land is unconstitutionally retrospective. The plaintiff, Tyler Road Development Corporation, cross-appeals the trial court's determination that the court lacked jurisdiction to abate taxes assessed against a portion of that land. We affirm in part, reverse in part, vacate in part, and remand.

The parties stipulated to the following facts. In 1995, the plaintiff acquired two adjacent parcels of land in Londonderry. The prior owners had enrolled the two parcels into current use, one in 1983 and the other in 1991. In July 1995, the plaintiff received conditional approval from the Londonderry Planning Board to create a twelve-lot subdivision on the land (Phase I). In August 1995, the plaintiff began improving an access road to the Phase I subdivision.

In January 1996, the plaintiff received conditional approval from the planning board to create a nineteen-lot subdivision (Phase II). Improvements to the Phase II access road began shortly thereafter.

Between September 1995 and April 1996, the town assessed land use change taxes against each of the twelve Phase I lots, on a lot-by-lot basis, pursuant to RSA 79-A:7, V, as amended in 1991. The plaintiff paid the twelve tax bills and filed a request for abatement. The town denied the request, and the plaintiff appealed to the superior court, arguing that the town had improperly assessed the land use change taxes under RSA 79-A:7, V. The plaintiff additionally petitioned for declaratory judgment, arguing that because the land was placed into current use prior to the 1991 amendments, the application of those amendments was unconstitutional. The plaintiff argued that the anticipated land use change tax assessments upon the Phase II lots would be similarly illegal.

In February 1997, the town used the lot-by-lot method to assess land use change taxes on the Phase II lots. The plaintiff paid the taxes but did not request an abatement.

The trial court consolidated the tax abatement appeal and the declaratory judgment petition. The court ruled that the 1991 amendments to RSA 79-A:7, V, which permitted the town to assess the land use change tax on a lot-by-lot basis, were unconstitutional as applied to the Phase I lots, and ordered an abatement. The town appeals this ruling. The court also held that the plaintiff's failure to request an abatement for the Phase II lots deprived the court of jurisdiction to order an abatement as to those lots. The plaintiff cross-appeals this ruling.

First, we discuss the current use taxation scheme. The purpose of the current use taxation statute is to encourage the preservation of open space. See RSA 79-A:1 (Supp. 1999). Under the statute, a taxpayer can receive lower property tax rates by enrolling "farm," "forest," or "unproductive" land as "open space land" to be assessed at its "current use value." See RSA 79-A:2, IX (Supp. 1999). This enrollment allows the landowner to avoid taxation at a higher rate based upon the land's fair market value. When the land is changed to a use that no longer qualifies for current use assessment, it falls out of current use, and a land use change tax is assessed against the market value of the land. See RSA 79-A:7, I (Supp. 1999).

Next, we address the constitutional question whether RSA 79-A:7 was retrospectively applied to the plaintiff's land. "Every statute, which takes away or impairs vested rights, acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already

past must be deemed a retrospective law." N.H. CONST. pt. 1, art. 23.

In concluding that the Phase I tax assessment was unconstitutional, the superior court relied substantially on our decision in *Opinion of the Justices (Current Use Reimbursement Program)*, 137 N.H. 270, 627 A.2d 92 (1993), and our implicit supposition that the relevant transaction for analysis is when land is enrolled in current use, rather than when the land is removed from current use. The town urges us to depart from our reasoning in that opinion and declare the relevant transaction to be when the land is removed from current use. For the reasons that follow, in this adversarial proceeding, we reluctantly depart from the majority view in *Opinion of the Justices (Current Use Reimbursement Program)*, and adopt the reasoning of the dissent. *See Schoff v. City of Somersworth*, 137 N.H. 583, 586, 630 A.2d 783, 785 (1993).

In *Opinion of the Justices (Current Use Reimbursement Program)*, we were asked whether "either an increase in the rate of land use change tax or the imposition of a penalty for a land use change on land already in current use" would be unconstitutional. *Opinion of the Justices (Current Use Reimbursement Program)*, 137 N.H. at 273, 627 A.2d at 94. With two justices dissenting, the majority held that such a change would violate the prohibition against retrospective laws. The majority relied upon *Cagan's, Inc. v. New Hampshire Department of Revenue Administration*, 126 N.H. 239, 490 A.2d 1354 (1985). *See Opinion of the Justices (Current Use Reimbursement Program)*, 137 N.H. at 278, 627 A.2d at 97.

*Cagan's, Inc.* is inapposite. In *Cagan's, Inc.*, we held that the imposition of a new tax upon vending machine sales from previous years was unconstitutional. *Cagan's, Inc.* 126 N.H. at 249, 490 A.2d at 1361. Prior to the enactment of that tax, no tax whatsoever had been levied upon the vending machine sales. The question presented in *Cagan's, Inc.* is fundamentally different from the question presented in the case at bar and from the question answered in *Opinion of the Justices (Current Use Reimbursement Program)*. From the first implementation of the current use system in the early 1970's, a land use change tax has been assessed when land falls from current use. *See* RSA 79-A:7 (Supp. 1973). It does not follow from our decision in *Cagan's, Inc.*, striking down a new tax upon old sales, that a changed taxation method applied to an existing tax upon the future market value of land being removed from current use would also be unconstitutional.

Our analysis in *Shangri-La, Inc. v. State of New Hampshire*, 113 N.H. 440, 309 A.2d 285 (1973), is instructive. In that case, the

taxpayer challenged the validity of an income tax provision taxing the appreciated value of an asset that was purchased prior to the enforcement date of that provision, but sold after that date. *See id.* at 441, 309 A.2d at 286-87. We correctly held that the taxable event was upon the taxpayer's realization of profit, or when the asset was sold. *See id.* at 444, 309 A.2d at 288. It stands to reason that if income is taxed when income is realized, and sales are taxed when sales are made, then land use changes are taxed when land use changes.

The plaintiff argues that our holding will unfairly "trap" investors who place their investment property into the current use system expecting a particular land use change taxation method, and that it has a vested right to the pre-1991 taxation method. We disagree.

First, the purpose of the current use system is not to facilitate development of land as the plaintiff suggests. To the contrary, the current use system was developed to encourage the preservation of open space in New Hampshire. *See* RSA 79-A:1. Further, the plaintiff cannot assert any vested rights were effected because, as the plaintiff concedes, no facts were proffered at the trial court that would substantiate such a claim.

■ Because we hold that the relevant transaction is when the land is removed from current use, the judgment of the superior court is unsupported. The record reflects that the town assessed the land use change tax on the Phase I land between September 1995 and April 1996. These assessments post date the enforcement date of the 1991 amendments. The application of these amendments, therefore, was not unconstitutional.

Accordingly, we reverse the superior court's declaration that the application of the 1991 amendments to Phase I land was unconstitutional and vacate the abatement granted. Because it ruled the amendments were unconstitutional, the superior court did not address the plaintiff's assertion that the initial calculation of the taxes was incorrect. We remand for the superior court to determine if the initial tax assessment was accurately calculated. For the reasons that follow, however, we affirm the superior court's judgment that it lacked jurisdiction to review the abatement request for Phase II land. No further proceedings are necessary with respect to that abatement request.

The plaintiff argues that RSA 76:17-c, II and the plaintiff's declaratory judgment petition gave the trial court jurisdiction. We disagree.

"This court is the final arbiter of the intent of the legislature as expressed in the words of a statute. When construing its meaning we

first examine the language found in the statute, and where possible, we ascribe the plain and ordinary meanings to words." *Appeal of Van Lunen*, 145 N.H. 82, 86, 750 A.2d 737, 740 (2000). "[W]e construe all parts of a statute together to effectuate its overall purpose and to avoid an absurd or unjust result." *Id.*

RSA 76:17-c, II (Supp. 1999) provides:

> If, while an appeal pursuant to RSA 76:16-a or 76:17 is pending, subsequent taxes are assessed using an assessment value later found to be incorrect by the board of tax and land appeals or the superior court, the selectmen or assessors shall abate such subsequent taxes, using the correct assessment value as found by the board or the court, even if no abatement request or appeal has ever been filed with respect to such subsequent taxes.

RSA 76:17-c, II applies only to land that was the subject of the initial abatement appeal, and not to other land that a taxpayer may own. RSA 76:17-c, II did not give the superior court jurisdiction to abate the assessments upon the Phase II land because the plaintiff never filed a request for abatement as to these assessments.

The plaintiff asserts that its declaratory judgment petition was the proper vehicle by which to challenge the constitutionality of the town's taxation method. We agree with this limited conclusion, but nevertheless hold that the petition did not obviate the need for the plaintiff to comply with the statutory prerequisites for obtaining an abatement.

"The New Hampshire tax abatement statutes . . . provide the exclusive remedy available to a taxpayer dissatisfied with an assessment made against his property." *LSP Assoc. v. Town of Gilford*, 142 N.H. 369, 374, 702 A.2d 795, 798 (1997). The tax abatement statutes require a taxpayer first to request an abatement from the municipal assessors and, if dissatisfied, to seek relief from either the board of tax and land appeals or the superior court. *See* RSA 76:16-a (1991 & Supp. 1999); RSA 76:17 (Supp. 1999).

Because the plaintiff never requested an abatement of the Phase II taxes, the court had no jurisdiction to abate them. The superior court's jurisdiction to abate taxes is appellate only. *See LSP Assoc.*, 142 N.H. at 374, 702 A.2d at 798. It has no jurisdiction to abate taxes absent a prior request for an abatement filed with the town's assessors.

*Affirmed in part; reversed in part;
vacated in part; and remanded.*

620

JOHNSON, J., sat for oral argument but retired prior to the final vote; BROCK, C.J., and BRODERICK and DALIANIS, JJ., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred; NADEAU and DALIANIS, JJ., took part in the final vote by consent of the parties.