Hillsborough-southern judicial district
No. 2004-607

WOODVIEW DEVELOPMENT CORPORATION

v.

TOWN OF PELHAM

Argued: February 9, 2005
Opinion Issued: April 11, 2005

*Beaumont & Campbell, P.A.*, of Salem (*Bernard H. Campbell* on the brief and orally), for the petitioner.

*Soule, Leslie, Kidder, Sayward & Loughman*, of Wolfeboro (*Barbara F. Loughman* on the brief and orally), for the respondent.

*Gallagher, Callahan & Gartrell, P.A.*, of Concord (*Donald E. Gartrell* on the brief), for the Home Builders and Remodelers Association of New Hampshire, as *amicus curiae.*

*Paul G. Sanderson*, staff attorney, of Concord, by brief, for the New Hampshire Municipal Association, as *amicus curiae*.

*Kelly A. Ayotte*, attorney general (*Anne M. Edwards*, associate attorney general, and *Stephen G. LaBonte*, attorney, on the brief), for the State, as *amicus curiae*.

GALWAY, J. The respondent, Town of Pelham (Town), appeals the order of the Superior Court (*Groff*, J.) reversing the town's denial of the request of the petitioner, Woodview Development Corporation, for an abatement of land use change taxes (LUCT). *See* RSA 79-A:7 (2003). We reverse.

The parties do not dispute the following facts. The petitioner owns two tracts of land in Pelham, which had been in current use. In April 2002, the petitioner received approval to subdivide the tracts into twenty-seven building lots. When the Town valued the lots for the assessment of the LUCT, the valuations reflected the enhanced value to the lots from betterments, such as a road and utilities that served them. The petitioner applied for an abatement, which the Town denied. The petitioner appealed this denial to the superior court.

The superior court bifurcated the case to rule on the legal question of whether, in valuing the lots, the Town could include the enhanced value of the lots due to the existence of the betterments. The petitioner conceded below that if including the enhanced value from the betterments was permissible, then its appeal could be dismissed as it did not contest the accuracy of the Town's valuations.

The superior court ruled that including the enhanced value from the betterments violated RSA 79-A:7. As the court stated, "The comprehensive scheme of RSA 79-A:7 is that at the time the land use is changed, the land use change tax is due. There is no improvement or betterment on the land at that time. Even if there were, it is the bare land which is subject to assessment, not land with improvements or betterments." Accordingly, the court reversed the Town's denial of the petitioner's abatement request and ordered it to value the lots without the enhanced value from the betterments.

The trial court also ruled that to the extent that New Hampshire Administrative Rules, Cub 308.01, permitted the Town to enhance the value of the lots to reflect the added value associated with betterments to the lots, the regulation was *ultra vires*. The court ruled that the regulation exceeded the rule-making authority of the State Current Use Board (board) because it did not merely implement the statute, but modified it and added to it.

On appeal, the Town first argues that RSA 79-A:7 permits it to include the enhanced value from the betterments that serve the property. We agree.

The interpretation of a statute is a question of law, which we review *de novo. Adams v. Woodlands of Nashua*, 151 N.H. 640, 641 (2005). We are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. *Blackthorne Group v. Pines of Newmarket*, 150 N.H. 804, 806 (2004). We first examine the language of the statute, and, where possible, ascribe the plain and ordinary meanings to the words used. *Id.* When a statute's language is plain and unambiguous, we need not look beyond it for further indication of legislative intent, and we will not consider what the legislature might have said or add language that the legislature did not see fit to include. *Id.*

The purpose of the current use statute is to "encourage the preservation of open space," by reducing property taxes on land that the taxpayer enrolls as open space land in current use. RSA 79-A:1, :2 (2003). When land is enrolled in current use, it is taxed at its current use value, and not at its fair market value. RSA 79-A:2; *see also Tyler Road Dev. Corp. v. Town of Londonderry*, 145 N.H. 615, 616 (2000). When a change occurs to the land that disqualifies it for current use, the LUCT is assessed. RSA 79-A:7, I, II. The LUCT is intended to permit a town to "recapture some of the taxes it would have received had the land not been in the lower open space tax category." *Opinion of the Justices*, 137 N.H. 270, 275 (1993). Pursuant to RSA 79-A:7, I, the LUCT is assessed "at the rate of 10 percent of the full and true value determined without regard to the current use value of the land which is subject to a non-qualifying use."

The petitioner argues that the "full and true value" to which RSA 79-A:7, I, refers applies to the land itself, and not to any enhanced value from betterments that serve it. We rejected a similar argument in *Appeal of Town of Hollis*, 126 N.H. 230, 233-34 (1985).

The facts of that case are instructive. The taxpayers had applied to subdivide their land. *Appeal of Town of Hollis*, 126 N.H. at 231. While their application was pending, they began to construct a road to serve the anticipated subdivision. *Id.* Two weeks later, on November 15, 1982, the planning board approved their subdivision. *Id.* The town assessed the LUCT as of December 10, 1982. *Id.* The town calculated the full and true value as "the total anticipated sales prices of the subdivided lots." *Id.* Thus, in calculating the value, the town considered the subdivision approval, the value of improvements made between the date of the subdivision

application and December 10, 1982, and increases in value attributable to all other steps that would be necessary to market the lots. *Id.*

Consistent with the relevant statute at the time, we held that the change in use occurred when the taxpayers submitted their application for subdivision approval and that the town should have assessed the full and true value of the property as of that date. *Id.* at 232. We held, however, that the full and true value of the property must include the enhanced value attributable to the fact of the application for subdivision approval. *Id.* at 234. We held that while a town "may not simply include the full value of improvements that had not yet been made or the commercial value attributable to the local subdivision approval that had not yet been granted," it "need not, and should not, ignore the potential for development" when assessing the LUCT. *Id.* at 233-34.

In this case, the petitioner does not assert that the Town assessed the full and true value of its property on the wrong date. Moreover, the relevant statute regarding the timing of the LUCT assessment has been amended since we decided *Appeal of Town of Hollis*. Now, pursuant to RSA 79-A:7, V:

> [I]f any physical changes are made to the land prior to the issuance of any required local, state or federal permit or approval, ... the local assessing officials may delay the assessment of the land use change tax until any and all required permits or approvals have been secured, ... and may base the land use change tax assessed under RSA 79-A:7 upon the land's full and true value at that later time.

Thus, under RSA 79-A:7, V, when a town assesses the LUCT, the property owner not only may have applied for subdivision approval, but may have received it. Improvements to the land not only may have been planned, but also may have been completed.

█ Nor does the petitioner contend that the Town incorrectly valued the betterments. Rather, the petitioner asserts that the Town erred by enhancing the land's value as a result of the betterments serving it. On this issue, *Appeal of Town of Hollis* is dispositive. As we held in that case, the Town need not "be blind to the economic reality of the land's best and highest use when it determines full and true value under RSA 79-A:7, I." *Id.* at 234 (quotations omitted). By enhancing the land's value because of the betterments that served it, when calculating the full and true value of

the petitioner's property, the Town complied with RSA 79-A:7, I, and our decision in *Appeal of Town of Hollis*.

■ The petitioner contends that enhancing the property's value because of the betterments is unfair because it permits the Town to tax "substantial development expenditures." As the petitioner's reply brief explains: "By attempting to assess a LUCT based on the enhanced value of a lot, when the enhanced value is a result of the landowner's (or developer's) own expenditures, then what ends up being taxed is not the land, but a taxation of the expenditures." To the contrary, that the land was once in current use does not entitle the landowner or developer to a reduced assessment of the full and true value of the land once it is no longer in current use. As we held in *Appeal of Town of Hollis*, when assessing the LUCT, "the town should consider the potential for development as it would with any piece of comparable land that is not subject to current use." *Id.*

At oral argument, the petitioner posited that the LUCT should be levied upon the value of the land plus any enhancement attributable to the betterments less the landowner's or developer's costs for installing the betterments. This is not the statutory scheme, however. We will only interpret RSA 79-A:7 as written. *Blackthorne Group*, 150 N.H. at 806. We will not consider what the legislature could have said or add words to the statute that the legislature did not see fit to include. *Id.*

■ Because we conclude that RSA 79-A:7 required the Town to enhance the property's value with the betterments, we also conclude that the board did not exceed its grant of authority by amending its regulations to conform to the statute. That the board's prior regulations did not conform to the statute did not preclude the board from bringing them into compliance. Nor was the board's action barred by our decision in *Appeal of Estate of Van Lunen*, 145 N.H. 82, 88-89 (2000). In that case, we addressed only whether the board properly applied its prior regulations; the parties did not argue and thus we did not consider whether those regulations conformed to the statutory requirement that the LUCT be assessed upon the land's "full and true value." RSA 79-A:7, I; *see Appeal of Estate of Van Lunen*, 145 N.H. at 88.

*Reversed.*

BRODERICK, C.J., and NADEAU and DALIANIS, JJ., concurred.